SHACKELTON v. MANISTEE & NORTHEASTERN RAILROAD CO.

MASTER AND SERVANT—INJURY TO RAILROAD EMPLOYÉ—ASSUMPTION OF RISK.

Plaintiff's intestate, a freight conductor, was thrown from a way car, and killed, by reason of the absence of a hand rail, which, pursuant to his instructions, had been removed for repair a few days previously by a workman in the repair shop of the common employer. Shortly after its removal, the assistant superintendent, noticing the defect, had directed the deceased to see that it was remedied; whereupon the deceased again told the workman to repair and replace the rail, which the latter promised to do, but neglected it. The deceased, however, continued to use the car, without protest, up to the time of the accident. *Held*, that the deceased assumed the risk arising from the defective condition of the car, the facts

stated not bringing the case within the exception to the general rule obtaining where the servant has been induced to continue the use of defective appliances by reason of the master's promise to repair.

Error to Manistee; McMahon, J.   Submitted October 11, 1895.   Decided October 22, 1895.

Case by Carrie V. Shackelton, administratrix of the estate of John W. Shackelton, deceased, against the Manistee & Northeastern Railroad Company to recover damages for the alleged negligent killing of plaintiff's intestate.   From a judgment for defendant upon verdict directed by the court, plaintiff brings error.   Affirmed.

*Charles A. Withey* and *Frank E. Withey (Smurthwaite & Fowler,* of counsel), for appellant.

*T. J. Ramsdell* and *M. J. Smiley,* for appellee.

MONTGOMERY, J.   Plaintiff, as administratrix, sues to recover damages for the death of her husband, alleged to have been caused by the defendant's negligence.

The deceased was a conductor on a freight train of the defendant company, and the injuries resulting in his death were caused by his being thrown off the rear end of the way car to the track, and the train passing over him.   The car from which he was thrown had hand rails provided on either side of the steps, the rear hand rail extending to the brake, so that a sudden lurch of the car would not result in throwing one attempting to alight from the car.   On the occasion in question, however, this rear hand rail had been removed, and the testimony offered by the plaintiff tends to show that while deceased was stepping down from the car he was thrown off because of this defect.   There is no room for attributing any negligence to the defendant, unless it be for the absence of this hand rail at this time.

A few days before the accident, deceased and his trainmen, when using the way car in question, allowed it to

run against a car loaded with logs, which extended over the ends of the car on which they were loaded, so that, coming in contact with the hand rail, they bent it nearly against the side of the car. Deceased thereupon called the attention of a workman in the defendant's repair shops to the hand rail, and asked him to take it off and repair it. The workman replied, "All right," and took it off. Deceased then started off with the car, without reporting the defect to the superintendent, as required by the rules of the company, and without making any objection to using the defective car to those in authority, or to any one connected with the defendant in any way. While on his trip that day the assistant superintendent saw the car, and said to deceased: "You want to see that that is fixed. Get it fixed." Deceased again called the attention of the workman in the repair shop to it, and he again promised to fix it, but neglected to do so. Deceased, however, continued in the use of the car without protest, until he was killed in the manner above described.

The plaintiff's counsel recognize the general rule that the servant who engages in the use of, or continues in the use of, defective machinery or appliances, assumes the risks incident to the employment, but seek to bring this case within the exception to the rule which obtains in case the servant has been induced to continue the use of the defective appliances by reason of the master's promise to repair. The present case is not within any such exception to the rule. No one representing the master had induced deceased to continue in the use of the car in its then condition. The employé in the car repair shop certainly gave deceased no such directions. On the contrary, he was acting under instructions received from the deceased. The statement of the assistant superintendent, so far from being authority to continue the use of the car, was more in the nature of a rebuke for using it in its then condition. The most that can be said is that the company might have been negligent in not repairing

the car sooner, but such negligence was open to the observation of the deceased, and he saw fit to continue in the use of the car. He made no objection to using it in its crippled condition; gave no notice to any one in authority which would indicate to defendant that he refused to take the risk, which was as apparent to him as to any one connected with the road. The circuit judge was right in directing a verdict for the defendant.

The judgment will be affirmed.

McGRATH, C. J., GRANT and HOOKER, JJ., concurred. LONG, J., did not sit.