## SUMNER v. ANN ARBOR RAILROAD CO.

1. MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT — ASSUMPTION OF RISK.

Assumption of risk, ordinary and extraordinary, when obvious and incident to employment, remains a defense under the Federal employers' liability act (35 U. S. Stat. chap. 149, p. 65).[1]

2. SAME—FELLOW-SERVANT RULE ABROGATED—CONTRIBUTORY NEGLIGENCE MITIGATES DAMAGES.

The Federal employers' liability act abrogates the fellow-servant rule, and remits contributory negligence to mitigation of damages.[2]

3. SAME—RAILROAD ENGAGED IN INTERSTATE COMMERCE LIABLE FOR NEGLIGENCE OF EMPLOYEES.

A railroad company engaged in interstate commerce is, by the Federal employers' liability act, made liable to respond in damages to a person sustaining injury while in the employ of such carrier in such commerce, whether injury results in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.[3]

4. SAME—EMPLOYEE HAD RIGHT TO ASSUME FELLOW EMPLOYEES WOULD NOT BE NEGLIGENT.

An employee of a railroad company engaged in interstate commerce, who was employed in removing ties which other employees hoisted from a car, had a right to assume that the employees in the car would exercise reasonable care and observe the position of the men on the ground, or call a warning when a view could not be had, and it was negligence on their part to fail to do so.[4]

5. SAME — WHEN EMPLOYEE ASSUMES RISK OF NEGLIGENCE OF FELLOW EMPLOYEES.

If the negligence of railroad employees in hoisting ties out of a car without warning fellow employees on the

[1]Master and Servant, 39 C. J. §§ 885, 892, 911, 934; [2]Id., 39 C. J. §§ 797, 1035; [3]Id., 39 C. J. § 797; [4]Id., 39 C. J. § 797 (Anno).
Abrogation of defense of assumption of risk by Federal employers' liability act, see notes in 47 L. R. A. (N. S.) 62; L. R. A. 1915C, 69.
Track repairing and work in connection therewith as furthering interstate commerce within the Federal employers' liability act, see notes in 47 L. R. A. (N. S.) 55; L. R. A. 1915C, 62; L. R. A. 1918E, 859.

ground engaged in removing them was a practice known to an employee injured thereby, then he assumed the risk, but if it was not known to him, the danger arising therefrom was not so obvious that an ordinarily careful person would have observed and appreciated the risk and declined to continue in the employment.[5]

6. SAME — EMPLOYEE NOT BOUND TO ANTICIPATE NEGLIGENCE OF FELLOW EMPLOYEES.

An employee of a railroad company, engaged in removing ties which fellow employees hoisted from a car, was not bound to anticipate that his fellow employees might become careless and fail to give a warning before throwing out a tie, and, therefore, quit the employment, or, if he did not quit, be held to have assumed the risk of injury.[6]

7. SAME—NEGLIGENCE—ASSUMPTION OF RISK—REQUESTED INSTRUCTION.

In an action against a railroad company, under the Federal employers' liability act, by an employee injured while removing ties hoisted from a car by fellow employees, a requested instruction that the negligence of the employees in the car would be the negligence of the defendant, and if such negligence was the proximate cause of the injury plaintiff was entitled to recover, should have been given in connection with another requested instruction that plaintiff assumed the usual and ordinary risks incident to the employment except that arising from the negligence of fellow servants.[7]

8. SAME—CONTRIBUTORY NEGLIGENCE MITIGATES DAMAGES.

That an employee was participating in the work during the progress of which he received an injury, has no bearing upon his right to recover therefor, under the Federal employers' liability act, but if he was guilty of contributory negligence his damages should be diminished in proportion to the amount of negligence attributable to him.[8]

9. SAME — ASSUMPTION OF RISK—WHEN NOT AVAILABLE AS DEFENSE.

Where an injury is occasioned by a single act, as distinguished from a series of acts of negligence, creating a sudden emergency, without warning and opportunity to judge of the danger and to decline meeting it, the defense of assumption of risk may not be made, in an action under the Federal employers' liability act.[9]

---

[5]Master and Servant, 39 C. J. § 797; [6]Id., 39 C. J. § 797 (Anno); [7]Id., 39 C. J. § 1416; [8]Id., 39 C. J. § 1035; [9]Id., 39 C. J. § 797.

Error to Isabella; Hart (Ray), J.   Submitted April 9, 1926.   (Docket No. 62.)   Decided June 7, 1926.

Case by John Sumner against the Ann Arbor Railroad Company for personal injuries.   Judgment for defendant.   Plaintiff brings error.   Reversed.

*Dodds & Dodds, Kelly S. Searl,* and *H. A. Sanford,* for appellant.

*F. H. Dusenbury* and *F. J. Shields* (*Alexander L. Smith* and *Gustavus Ohlinger,* of counsel), for appellee.

WIEST, J.   This is an action under the Federal employers' liability act of April 22, 1908 (35 U. S. Stat. chap. 149, p. 65).   It is conceded the action is properly planted.   Plaintiff, a section laborer in defendant's employ, while engaged with others in unloading wood cross-ties from a gondola car, was severely injured. Trial was had in the circuit with verdict and judgment for defendant.   Upon denial of motion for a new trial plaintiff sued out a writ of error.   The errors alleged relate to instructions given the jury, refusal to give requested instruction, and denial of a new trial.

The height of the gondola car to the top of its sides was 8 feet, 6 inches, and the height of the sides from the floor was 4 feet, 2 inches.   In unloading, two ties were stood up against the side of the car to act as skids down which to slide the ties when lifted over the side of the car.   Two men in the car hoisted the ties over the side and plaintiff and another man were on the ground engaged in removing the ties from the foot of the skids.   A buffer tie was placed at the foot of the skids.   A tie came down the skids somewhat crooked and plaintiff stepped over the buffer tie to get it in position for removal.   While so engaged another tie was heaved over the side of the car, without warning, and came down the skids and broke plaintiff's

ankle.    The negligence counted on was that of the men in the car so casting the tie out without warning. Plaintiff claims a warning had been given heralding the advent of each previous tie.    This was controverted by testimony to the effect that warning was not given until but a few ties remained in the car, and then the number left to be removed was called out every alternate tie.    At the time of the injury but two ties remained in the car, and the men in the car could not see the position of the men on the ground.    The defense was assumption of risk.

Assumption of risk, ordinary and extraordinary, when obvious and incident to employment, remains a defense under the Federal act.    The Federal act abrogated the fellow-servant rule, and remits contributory negligence to mitigation of damages.    See *Chesapeake, etc., R. Co.* v. *De Atley,* 241 U. S. 310 (36 Sup. Ct. 564).

A railroad engaged in interstate commerce is, by the Federal act, made liable to respond in damages to a person sustaining injury while in the employ of such carrier in such commerce, and liability follows whether such injury results, in whole or in part, from the negligence of any of the officers, agents, or employees of such carrier.    Plaintiff had a right to assume that the men in the car would exercise reasonable care. Reasonable care required the men in the car to observe the position of the men on the ground engaged in removing ties, when about to throw out another tie, when this could conveniently be done, or to call a warning when a view could not be had.    It was negligence to throw the tie without any warning, when the men in the car could not see the men on the ground.    If such negligence was a practice known to plaintiff, then he assumed the risk of injury.    If such was not a practice known to plaintiff, then the danger arising from the negligence in this instance was not so obvious that an ordinarily careful person, under the circumstances here

disclosed, would have observed and appreciated the risk and have declined to continue in the employment. It has been said:

"Knowledge of the risk is the watchword of the defense of assumption of risk; want of due care in view thereof is that of contributory negligence; and these are distinct conceptions."   1 Roberts, Federal Liabilities of Carriers, p. 1,000.

Plaintiff was not bound to anticipate that his fellow workmen might become careless and fail to give a warning some time, and, therefore, quit the employment, or, if he did not quit, be held to have assumed the risk of injury.

In *Reed* v. *Director General of Railroads*, 258 U. S. 92 (42 Sup. Ct. 191), it was stated:

"In actions under the Federal act the doctrine of assumption of risk certainly has no application when the negligence of a fellow servant, which the injured party could not have foreseen or expected, is the sole, direct, and immediate cause of the injury."

Plaintiff requested the court to give the following instruction:

"I charge you that any negligence of the section men, on the gondola car, or either of them, at the time in question, would be the negligence of the defendant; and that, if such negligence was the proximate cause of the injury in question, then the plaintiff is entitled to recover."

This instruction was not given.   This request, under the issues in the case and the evidence, should have been given in connection with plaintiff's next request, reading:

"I charge you that, under the Federal employers' liability act, the plaintiff here assumed the usual and ordinary risk incident to the employment in which he engaged, except the risk arising from the negligent act or omission of one of his fellow employees; and that it is no defense for the defendant to show that the injury happened because of the negligence of one of plaintiff's fellow employees."

The fact that plaintiff was participating in the work, during the progress of which he received the injury, has no bearing upon the right of recovery.   If plaintiff was guilty of contributory negligence, then his damages should be diminished in proportion to the amount of negligence attributable to him.

"If the injury was due to the neglect of a co-employee in the performance of his duty, that neglect must be attributed to the employer."   *Illinois Cent. R. Co.* v. *Skaggs,* 240 U. S. 66 (36 Sup. Ct. 249).

Where an injury is occasioned by a single act, as distinguished from a series of acts of negligence, creating a sudden emergency, without warning and opportunity to judge of the danger and to decline meeting it, the defense of assumption of risk may not be made. See *Chicago, etc., R. Co.* v. *Ward,* 252 U. S. 18 (40 Sup. Ct. 275).

In *Chesapeake, etc., R. Co.* v. *Proffitt,* 241 U. S. 462 (36 Sup. Ct. 620), it was stated, quoting from the syllabus:

"To subject an employee without warning to unusual danger, not normally incident to the employment, is itself an act of negligence. * * * An employee is not to be regarded as having assumed a risk attributable to the employer's negligence until he becomes aware of it, unless it is so plainly observable that he must be presumed to have knowledge of it. * * * Even if an employee knows and assumes the risk of an inherently dangerous method of work, he does not assume the increased risk attributable not to such method, but to negligence in pursuing it."

Under the authority cited, and *Chapman* v. *Express Co.,* 192 Mich. 654, the judgment must be reversed, and a new trial granted, with costs to plaintiff.   So ordered.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.