THRALL v. PERE MARQUETTE RAILWAY CO.

1. TRIAL—DIRECTED VERDICT.
   In determining whether verdict should be directed for defendant, court must consider the testimony in the light most favorable to plaintiff.

2. MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—CONTRIBUTORY NEGLIGENCE—COMPARATIVE NEGLIGENCE.
   In action against railroad company under Federal employers' liability act (45 USCA, §§ 51–59), for death of plaintiff's decedent in defendant's employ, caused by derailment of hand car on which he was riding, right of recovery would not be barred by contributory negligence of decedent, but damages recoverable would be diminished thereby in proportion to amount of negligence attributable to him.

3. SAME—FELLOW SERVANTS—ASSUMPTION OF RISK.
   In said action, if the accident was caused, in part, by negligence of fellow servants in loading a drill on the hand car, in absence of evidence that decedent had actual knowledge of such negligence, the doctrine of assumed risk would not apply.

4. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   In said action, negligence of fellow servants and contributory negligence of decedent, held, questions of fact for jury.

On application of doctrine of assumption of risk to employees under Federal employers' liability act, see annotation in 47 L. R. A. (N. S.) 62; L. R. A. 1915C, 69.

5. SAME—ASSUMPTION OF RISK.

Although defects in railroad track and hand car were obvious, and decedent probably had knowledge thereof, whether he appreciated the danger therefrom so as to render applicable the doctrine of assumed risk, *held,* question of fact for jury.

6. SAME—PROMISE TO REPAIR—ASSUMPTION OF RISK.

Evidence that defendant promised to repair defects in the track and hand car *held,* insufficient to justify the trial court in submitting to the jury the question as to whether there was such promise and reliance thereon as to relieve decedent from assumed risk.

7. SAME—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—FEDERAL EMPLOYERS' LIABILITY ACT.

Under Federal employers' liability act, if defendant's negligence was part of the causation, it is liable though other negligence for which it was not responsible contributed directly to produce the injury.

Error to Allegan; Cross (Orien S.), J. Submitted June 6, 1929. (Docket No. 61, Calendar No. 34,240.) Decided March 6, 1930.

Case under Federal Employers' Liability Act (45 USCA, §§ 51–59), by Alice A. Thrall, administratrix of the estate of William P. Thrall, deceased, against Pere Marquette Railway Company, a corporation, for death of plaintiff's decedent. From a judgment for plaintiff, defendant brings error. Reversed, and new trial granted.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*W. K. Williams* and *John C. Shields* (*Wilkes & Stone,* of counsel), for defendant.

McDONALD, J. The purpose of this suit is to recover damages for injury resulting in the death of William P. Thrall which plaintiff claims was caused by negligence of the defendant. The action was

brought under the Federal employers' liability act (45 USCA §§ 51–59).

The decedent was a section foreman on a section of the defendant's road between Holland and Allegan. At the time of the accident he was returning from work with his crew. They were riding the track on a motor car. The car was derailed and the decedent was thrown under it receiving injuries from which he died in a few hours. In addition to the crew, the car carried a large drill weighing 100 pounds which they had used in their work on the day of the accident. It is the plaintiff's claim that one of the acts of negligence on the part of the defendant was the improper placing of the drill on the car, and that this together with failure to maintain the track and car in a safe condition caused the accident. At the close of the proofs, the defendant moved for a directed verdict on the ground that the plaintiff's decedent was guilty of such contributory negligence as to bar a recovery, that no *prima facie* case had been established, and that decedent assumed the risk of the injuries which he received. The motion was taken under advisement and the issue submitted to the jury. The plaintiff received a verdict. After overruling a motion for judgment *non obstante veredicto,* the court entered judgment on the verdict. The defendant has brought error.

In determining whether the court should have directed a verdict for defendant, the testimony must be considered in the light most favorable to the plaintiff. It fairly appears from such testimony that the injury was produced by three concurrent causes, viz., defective condition of the track, the worn flanges of the wheels on the motor car, and the improperly loaded drill. Witnesses testified that the flange on the car wheels was worn down one-half

an inch, the effect of which was to cause the wheels to wobble and to more easily jump the track, that the rails of the track were bent with age and lower at the joints, which caused the car to jolt and sway as it passed over them, and that the drill was loaded by two of the crew who placed it in an improper and unsafe position on the wrong side of the car, allowing it to protrude six inches over the edge, so that when the car swayed in passing over the defective portion of the track, the drill toppled over under the wheels.

Assuming the facts to be as above stated, the defendant submits that the plaintiff's decedent assumed the risk of his injuries as a matter of law and that the court should have directed the verdict. It may be true that the decedent assumed the risk as to the defective condition of the track and the motor car, though whether he did so was a question for the jury. But the improper loading of the drill was the act of fellow employees, and, in the absence of evidence that decedent had actual knowledge of their negligence, the doctrine of assumed risk does not apply. The evidence leaves no doubt that the drill was loaded by two fellow employees, Hanson and Baker, and that Baker rode on the car within easy reach of the drill and could have prevented it from toppling over if he had used ordinary care. But it is said that decedent also had a duty to perform in connection with the loading of the drill. Assuming that to be true, and that he failed in his duty and was guilty of contributory negligence, his right of recovery would not be barred thereby.

In *Sumner* v. *Railroad Co.*, 235 Mich. 293, it was said:

"The fact that plaintiff was participating in the work, during the progress of which he received the

injury, has no bearing upon the right of recovery. If plaintiff was guilty of contributory negligence, then his damages should be diminished in proportion to the amount of negligence attributable to him."

There is no evidence in this case that would justify the application of the rule of assumed risk to the negligence of the fellow employees. Their negligence and decedent's contributory negligence, if any, were questions of fact for the jury.

We also are of the opinion that the trial court would not have been justified in holding as a matter of law that decedent assumed the risk from the defects in the track and the motor car. The defects and conditions were obvious, and it is probably true that from long service on this section of the road he was familiar with them, but whether he appreciated the danger was a matter of much doubt, which we think it was the business of the jury to determine. To the rule of assumed risk there is an exception arising from a promise by the master to repair and a continuance in the service in reliance on such promise. It was the plaintiff's claim that the exception obtained in this case.

The court submitted that question to the jury. The evidence did not justify it. The only testimony concerning a promise to repair was from Frank Thrall, decedent's son, who was foreman of an adjoining section. He testified to a talk with Mr. Jorgenson, a roadmaster:

"I asked him for material, and father was there. We was all down there raising track; father. came down to help me. Father and I and Jorgenson were talking about new rails, and he told us that he would get some new rails for this track between Holland and Allegan."

"*Q.*   Did he tell you when he would get them?

"*A.*   He said he would try and get some that fall.

"*Q.*   What, if anything, did your father say about that?

"*A.*   He said he would be glad when they came."

In this conversation it does not appear that the parties contemplated any danger from the use of the track as it was at that time. There was no complaint by the decedent as to its condition. All that he said was that he would be glad when the new rails came. When this conversation took place, they were not on decedent's section of the road. The condition of the track on his section was not discussed, and there is no evidence that the roadmaster knew anything about it. There is no evidence that decedent thought of leaving his employment because of the defective condition of the track or that he was induced to remain because of a promise of the roadmaster to try to get some new rails that fall for the road between Allegan and Holland. We have an impression acquired by reading the entire record that neither the decedent nor any member of his crew thought there was any danger in their use of the track in its defective condition. The testimony does not show such a promise and reliance thereon as would relieve the decedent from the assumption of risk. *Hayball* v. *Railway Co.,* 114 Mich. 135; *Shackelton* v. *Railroad Co.,* 107 Mich. 16; 39 C. J. p. 786. Text and cases cited in notes.

The court erred in submitting to the jury the question as to defendant's promise to repair. For this error the judgment must be reversed.

One other question requires discussion. It is contended by the defendant that decedent's negligence in placing the drill was the proximate cause of the

injury, that notwithstanding defendant's negligence as to the defective rails and motor car, the cause of the accident was the intervening independent act of the decedent.

Let us assume that decedent was negligent as defendant claims. His negligence was not an independent cause of the accident. His negligence and the negligence of the defendant operated together to cause it. They were concurring causes. If defendant's negligence was part of the causation, it is liable though other negligence for which it was not responsible contributed directly to produce the injury. Roberts Injuries to Interstate Employees on Railroads, § 15.

In section 16, it is said:

"If the injury resulted in whole or in part from the company's negligence, the statute cannot be nullified and the right of recovery defeated by calling the plaintiff's act the proximate cause of the injury."

It is not necessary to discuss any of the other assignments of error. The judgment is reversed and a new trial granted, with costs to the defendant.

CLARK, POTTER, SHARPE, and FEAD, JJ., concurred with McDONALD, J.

WIEST, J. I concur in reversing the judgment, but think there should be no new trial.

Four contributing causes produced the accident: 1. Improper loading of the drill. 2. Worn flanges of the hand car wheels. 3. Rough condition of the railway track. 4. Running the hand car backward. The improper loading of the drill was not negligence of defendant; neither was the running of the hand

car backward. The worn flanges of the hand car wheels and the rough condition of the track must have been well known to the deceased, for both were of long standing, and the danger incident to their use was apparent. The deceased, as section foreman, had the care of the track under his immediate supervision, and must be held to have been aware of the defective and dangerous condition now alleged to have been known to defendant, and he is to be held to have assumed the risk incident to its use unless he received a promise of its repair, and, while waiting a reasonable time for the repair, was injured. There was no promise of repair made the deceased or made under circumstances relieving him from the assumption of the risk. The worn condition of the wheel flanges was a result of long use and necessarily apparent to one riding upon the hand car. There is no claim that the attention of the defendant was called to this condition and that repair was promised, and, therefore, the deceased assumed the risk now complained of in the use of the hand car.

"The Federal employers' liability act permits recovery upon the basis of negligence only. The carrier is not liable to its employees because of any defect or insufficiency in plant or equipment that is not attributable to negligence. The burden was on plaintiff to adduce reasonable evidence to show a breach of duty owed by defendant to him in respect of the place where he was injured, and that in whole or in part his injuries resulted proximately therefrom. And, except as provided in § 4 of the act, the employee assumes the ordinary risks of his employment; and when obvious, or fully known and appreciated, he assumes the extraordinary risks and those due to negligence of his employer and fellow employees." (Cases cited.) *Delaware, etc., R. Co.* v. *Koske,* 279 U. S. 7 (49 Sup. Ct. 202).

"When the employee does know of the defect, and appreciates the risk that is attributable to it, then if he continues in the employment, without objection, or without obtaining from the employer or his representative an assurance that the defect will be remedied, the employee assumes the risk, even though it arises out of the master's breach of duty. If, however, there be a promise of reparation, then during such time as may be reasonably required for its performance or until the particular time specified for its performance, the employee relying upon the promise does not assume the risk unless at least the danger be so imminent that no ordinarily prudent man under the circumstances would rely upon such promise." *Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492, 504 (34 Sup. Ct. 635).

The judgment should be reversed, with costs to defendant, and without a new trial.

NORTH, J., concurred with WIEST, C. J. FELLOWS, J., took no part in this decision.