THRALL *v.* PERE MARQUETTE RAILWAY CO.

1. MASTER AND SERVANT—FEDERAL EMPLOYERS' LIABILITY ACT—
ASSUMPTION OF RISK.

Under Federal employers' liability act (45 USCA, §§ 51–59),
it was duty of section foreman to report to railroad company
defects in rails of track and in wheels of motor car, which
were of long standing, and call for repairs, and by his failure
to do so he assumed the risk incident to use in defective
condition.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Section foreman who had heavy drill placed on rear of motor
car with defective wheels, and who then directed car to be
run backward over defective track, was guilty of want of due
care for his own safety.

3. SAME—NEGLIGENCE.

Since section foreman's own negligence does not relieve him
from risks he had assumed, and risks so assumed may not be
made basis of actionable negligence, recovery for his acci-
dental death may not be had unless railroad company was
negligent in some respect outside of risks assumed by him.

4. SAME—CONTRIBUTORY NEGLIGENCE.

Contributory negligence on part of section foreman could not
arise out of his acts alone.

5. SAME—ASSUMPTION OF RISK.

Negligence of fellow servant is not within rule of assumed
risk barring recovery and is within rule of contributory neg-
ligence not barring recovery under Federal employers' lia-
bility act.

6. SAME—COMPARATIVE NEGLIGENCE.

If section foreman's death was caused in part by negligence of
fellow servant, recovery might be had under Federal em-
ployers' liability act notwithstanding foreman was himself
negligent and had assumed certain risks which contributed
to accident, but in such case recovery could be had only for
proportional amount bearing true relation to negligence at-
tributable to both.

Error to Allegan; Miles (Fred T.), J. Submitted
January 8, 1931. (Docket No. 65, Calendar No.
35,209.) Decided April 23, 1931.

Case under Federal Employers' Liability Act (45
USCA, §§ 51–59), by Alice A. Thrall, administratrix
of the estate of William P. Thrall, deceased, against
Pere Marquette Railway Company, a corporation,
for death of plaintiff's decedent. From a judgment
for plaintiff, defendant brings error. Reversed, and
new trial granted.

*Leo W. Hoffman* and *Clare E. Hoffman* (*Carl E.
Hoffman*, of counsel), for plaintiff.

*W. K. Williams* and *John C. Shields* (*Wilkes &
Stone*, of counsel), for defendant.

WIEST, J. This case has been here before. 249
Mich. 440. Plaintiff's decedent, William P. Thrall,
was a railroad section foreman, had been such for
30 years, and for about 20 years was in charge of the
section of defendant's railroad where he was in-
jured. In his work he had a motor car for carrying
himself, his helpers, and tools. Among the tools
was a drill weighing about 100 pounds. Novem-
ber 15, 1927, at the close of work for the day, the
drill was loaded on the rear end of the motor car,
and, while the car was being run backward, it
jumped the rails, either by reason of defective car
wheels and track, or the jolting of the drill from the
car in the path thereof and its consequent derail-
ment, and Mr. Thrall was run over and received in-
juries causing his death. The railroad is engaged
in interstate commerce and this suit is under the

Federal employers' liability act (45 USCA, §§ 51–59). In the course of this opinion we view the testimony most favorable to plaintiff.

The track rails were light weight, had been long in use, were worn and bent at joints, the flanges of the motor wheels were worn, and all this caused the car to jolt sideways. If the flanges of the motor car wheels were unsafe by reason of wear, it was a part of Mr. Thrall's duty to observe the fact and call for repairs, for the condition was of long existence. No repairs were asked for or made, and, under the Federal act, Mr. Thrall assumed the risk incident to its use. The same is true of the railroad track. The drill was loaded on the car in the usual place and adjusted, in part at least, by direct act of Mr. Thrall, and such location of the drill was not at all improper, nor did it involve any hazard, unless the car was run backward. If the accident was solely occasioned by defective track and motor car wheels, plaintiff cannot recover, for such defects were of long standing and either known to or unavoidably observable by Mr. Thrall in the very course of his work and duties, and were used by him without request for or promise of repair, and he, therefore, assumed the risk. At this point comes the placing of the drill on the motor car and the negligence of Mr. Thrall in ordering the defective car to be run backward over the defective track. Had the car been run forward, as was usual, the accident would not have happened. Mr. Thrall was guilty of a want of due care in directing the defective car to be run backward over the defective track. Mr. Thrall's own negligence in this respect did not relieve him from the risks he had assumed. Risks assumed by Mr. Thrall cannot be made the basis of actionable negligence. Negligence of Mr. Thrall

bars recovery unless defendant was negligent in some respect outside of risks assumed by Mr. Thrall. Contributory negligence on the part of Mr. Thrall could not arise out of acts of Mr. Thrall alone. It is claimed, however, that Mr. Thrall directed one of his helpers to keep watch of the drill while the car was being operated, and the helper neglected to do so, and it is contended that, if Mr. Thrall was guilty of negligence, the accident was caused as well by the negligence of his fellow servant in not watching the drill and keeping it from falling off the car. There is merit in this.

Defendant was entitled to an instruction that Mr. Thrall assumed the risk incident to use by him of the defective track and motor car, and was guilty of negligence barring recovery in directing the defective car to be run backward over the defective rails, unless he, in fact, stationed a helper and directed him to watch the drill and the helper neglected to do so, and by reason of such neglect the drill jolted off and caused the accident. In such case the negligence of the helper would be that of a fellow servant, not within the rule of assumed risk barring recovery and within the rule of contributory negligence not barring recovery, but under the Federal statute requiring the damages to be diminished in proportion to the amount of negligence attributable to Mr. Thrall in directing the defective car to be run backward and riding thereon over the defective track. Under this issue the full damages, occasioned by the negligence of defendant's servant, the section helper, and the negligence of Mr. Thrall, cannot be recovered, but only a proportional amount bearing a true relation to the negligence attributable to both defendant and Mr. Thrall. Unless Mr. Thrall in fact directed a helper to watch the drill

and the helper failed to do so, and had he done so, would have saved the drill from being jolted from the car, there can be no recovery. This is the sole issue of fact in the case. If the car was derailed by reason of its defects and those of the rails, and the derailing was not occasioned by the drill falling off, then plaintiff cannot recover.

The court was in error in the following instruction to the jury:

"If you find by a preponderance of the evidence, that the track was so defective that as the car proceeded toward Allegan, it left the rail, overturned and killed Mr. Thrall, and that the danger of the car leaving the track was not so obvious nor so imminent, nor so apparent that an ordinarily prudent person, under the circumstances, would not have ridden upon the motor car, then the plaintiff is entitled to recover."

Upon retrial, if the issue is limited as we have pointed out, many debatable questions presented by this record will not again arise, and, therefore, we have no occasion to discuss the same.

The judgment is reversed, and a new trial granted, with costs to defendant.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.