THRALL *v.* PERE MARQUETTE RAILWAY CO.

1. JUDGMENT—RES JUDICATA—DECISION OF SUPREME COURT LIMITING ISSUE LAW OF CASE.

Decision of Supreme Court limiting issue on retrial became law of case, and trial court properly limited issue accordingly.

2. APPEAL AND ERROR—AMENDED PLEADING.

Where case was tried on certain issue as within pleading, on review, court will regard as done what ought to have been done, and will treat pleading as amended.

3. TRIAL—WEIGHT OF INCONSISTENT TESTIMONY FOR JURY.

Although testimony of certain witnesses was somewhat impaired by actual or seeming contradiction or inconsistency introduced upon skilful and vigorous examination by counsel, weight of such testimony was for jury.

4. NEW TRIAL—WEIGHT OF EVIDENCE.

Where there is evidence supporting each element of issue of fact as outlined in special questions, holding of trial court that verdict consistent with answers thereto is not against weight of evidence is not disturbed by Supreme Court.

5. DAMAGES—EXCESSIVE VERDICT—MASTER AND SERVANT—NEGLIGENCE—DEATH.

In action against railroad company under Federal employers' liability act for wrongful death of section foreman, verdict for $8,050, which is easily within evidence, may not be said to be excessive.

Appeal from Allegan; Miles (Fred T.), J.  Submitted January 5, 1932.  (Docket No. 2, Calendar No. 36,059.)  Decided March 2, 1932.

Case under Federal Employers' Liability Act (45 USCA, §§ 51–59), by Alice A. Thrall, administratrix of the estate of William P. Thrall, deceased, against

As to conclusiveness of prior decisions on subsequent appeals, see annotation in 34 L. R. A. 321; 67 A. L. R. 1390.

On credibility of witness as question for jury, see annotation in 46 L. R. A. (N. S.) 1030; 8 A. L. R. 796, 797.

Pere Marquette Railway Company, a corporation, for wrongful death of plaintiff's decedent. Judgment for plaintiff. Defendant appeals. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*W. K. Williams* and *John C. Shields* (*Wilkes & Stone,* of counsel), for defendant.

Clark, C. J. This case has been here twice, reported in 249 Mich. 440 and 254 Mich. 197, and facts are there stated. Plaintiff's decedent was a section foreman. He directed his section men, one of them Baker, to load a large drill on the section motor car, which they did. The car, at decedent's direction, was run backward, the drill projecting somewhat over the then forward end of the car. There is evidence of general orders by the foreman to his men to watch tools and of particular order to Baker to watch the drill while the car was being so moved, and that it was the duty of the men to obey the orders. The drill fell from the car, the car was derailed, and the foreman suffered injuries from which he died. Plaintiff had verdict and judgment. Defendant has appealed.

When the case was here last, Mr. Justice Wiest, speaking for the court, said:

"Defendant was entitled to an instruction that Mr. Thrall assumed the risk incident to use by him of the defective track and motor car, and was guilty of negligence barring recovery in directing the defective car to be run backward over the defective rails, unless he, in fact, stationed a helper and directed him to watch the drill and the helper neglected to do so, and by reason of such neglect the drill jolted off and caused the accident. In such case the negligence of the helper would be that of a fel-

low servant, not within the rule of assumed risk barring recovery and within the rule of contributory negligence not barring recovery, but under the Federal statute requiring the damages to be diminished in proportion to the amount of negligence attributable to Mr. Thrall in directing the defective car to be run backward and riding thereon over the defective track. Under this issue the full damages, occasioned by the negligence of defendant's servant, the section helper, and the negligence of Mr. Thrall, cannot be recovered, but only a proportional amount bearing a true relation to the negligence attributable to both defendant and Mr. Thrall. Unless Mr. Thrall in fact directed a helper to watch the drill and the helper failed to do so, and had he done so, would have saved the drill from being jolted from the car, there can be no recovery. This is the sole issue of fact in the case. If the car was derailed by reason of its defects and those of the rails, and the derailing was not occasioned by the drill falling off, then plaintiff cannot recover. * * *

"Upon retrial, if the issue is limited as we have pointed out, many debatable questions presented by this record will not again arise, and, therefore, we have no occasion to discuss the same."

In spite of prophecy of the last sentence of the quotation, the debatable questions, in part at least, are here again.

It is considered, however, that the quotation is the law of the case. The trial judge properly limited the issue of fact accordingly. This is shown by four special questions, submitted to and answered by the jury, as follows:

"*No. 1.* Was the motor car derailed by reason of the drill falling off?

"*Answer:* Yes.

"*No. 2.* Did Mr. Thrall direct Mr. Baker to watch the tools and drill?

"*Answer:* Yes.

"*No. 3.* Did Mr. Baker neglect to watch the tools and drill?

"*Answer:* Yes.

"*No. 4.* If Mr. Baker had watched the drill and tools, would such watchfulness have prevented the drill from being jolted from the motor car?

"*Answer:* Yes."

It is urged that this issue was without the pleading. As the case was tried upon this issue, the court will regard as done what ought to have been done, and will treat the pleading as amended.

The testimony of certain witnesses was somewhat impaired by actual or seeming contradiction or inconsistency introduced upon skilful and vigorous examination by counsel, but, nevertheless, the weight of such testimony was for the jury. *Goonen* v. *Railroad Co.*, 218 Mich. 502.

There is evidence supporting each element of the issue of fact as outlined in the quoted special questions.

The trial court held the verdict not to be against the great weight of the evidence, and we are constrained not to disturb his holding.

The verdicts on the three trials are, in order of event, $7,260, $8,000, and $8,050. Clearly, the verdict here cannot be held to be excessive, as it is easily within the evidence. Considerations which obtain in respect of this question are fully discussed in *Fishleigh* v. *Railway*, 205 Mich. 145, and need not be repeated.

Treating, as we must, the holding in the 254 Mich. 197, as the law of the case, and on consideration of all questions presented, we find no reversible error.

Judgment affirmed.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.