TOTOK *v.* ELFSTROM.

1. TRIAL—ADDITIONAL INSTRUCTION—DISCRETION.

The giving of additional jury instructions after the jury has begun its deliberations is within the discretion of the trial court.

2. APPEAL AND ERROR—ADDITIONAL INSTRUCTION—MOTION FOR NEW TRIAL.

Refusal of trial court to reread its original instruction on negligence after giving jury additional instruction on contributory negligence at jury's request after it had begun deliberations will not be considered on appeal when such refusal was not objected to in motion for new trial (GCR 1963, 516.2, 516.4).

3. SAME — TRIAL — ADDITIONAL INSTRUCTION — CONTRIBUTORY NEGLIGENCE.

Additional instructions on contributory negligence given at request of jury after it had begun its deliberation, *held,* not error when a reading of instructions on contributory negligence as a whole adequately informs jury of applicable law and does not indicate error.

4. EVIDENCE — WITNESSES — CONCLUSIONS — COMMON KNOWLEDGE — EXPERIENCE.

Courts have a certain latitude in permitting witnesses on direct examination to testify as to conclusions based on common knowledge or experience.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 941 *et seq.*
[2] 53 Am Jur, Trial §§ 559, 826, 827.
[3] 53 Am Jur, Trial §§ 649, 944–946.
[4, 5] 20 Am Jur, Evidence § 771.

5. NEGLIGENCE—WITNESSES—CONCLUSIONS—PHYSICAL LIMITATIONS
   OF BOOM TRUCK.

   Allowing testimony by defendant of physical and mechanical
      limitations of his boom truck, defendant not being qualified
      as an expert on such trucks, by permitting him to testify that
      it was necessary for his truck to be on sidewalk next to build-
      ing when boom was raised to height of sign being removed
      from building, or otherwise truck would tip over, *held*, not
      error in action for negligent injuries, when defendant was
      testifying as to his experiences with this kind of truck in more
      than 30 years in sign business.

Appeal from Genesee; Papp (Elza H.), J. Sub-
mitted Division 2 June 6, 1966, at Lansing. (Docket
No. 1,551.) Decided October 25, 1966. Leave to
appeal denied by Supreme Court December 30, 1966.
See 378 Mich 746.

Complaint by Steven Totok against Philip Elf-
strom, doing business as Bill Carr Signs, for per-
sonal injuries received when defendant's employee
dropped a hammer on plaintiff. Verdict and judg-
ment of no cause of action. Plaintiff appeals.
Affirmed.

*Leitson, Dean, Dean, Abram & Segar,* for plaintiff.

*Milliken & Magee,* for defendant.

J. H. GILLIS, J. Plaintiff Steven Totok appeals
from a jury verdict of no cause for action and from
the trial court's denial of his amended motion for
a new trial.

On July 6, 1963, the plaintiff was injured when
struck in the head by a falling hammer. An em-
ployee of the defendant Philip Elfstrom, doing busi-
ness as Bill Carr Signs, was removing a sign from
Jordan's clothing store located in downtown Flint.
Defendant does not deny that the hammer slipped
from the hand of his employee and struck the plain-
tiff but, by way of affirmative defense, alleges that

plaintiff was guilty of contributory negligence in walking in the area of work without taking precautions for his own safety. More specifically, defendant contends that his two trucks were parked on the sidewalk to act as barricades, that there was a considerable amount of debris on the sidewalk, and in spite of these conditions the plaintiff continued to walk on the sidewalk, taking no precautions whatever.

Plaintiff claims that on the day in question he passed by Jordan's store on the way to pay a bill and observed two trucks parked next to the curb. On the way back to his car, plaintiff took the same route past Jordan's and was injured by the falling hammer. Plaintiff testified that at no time did he observe anything on the sidewalk which would have put him on notice of any dangerous condition.

On appeal the plaintiff contends the trial court erred in its instructions to the jury. The transcript discloses only one timely objection, and this Court will address its attention to this objection. GCR 1963, 516.2.

After the court instructed the jury, they retired for deliberation. Subsequently, unable to arrive at a verdict, the jury requested additional instructions on contributory negligence. After these instructions were given, plaintiff's attorney requested the court to reread its original instruction concerning negligence. When the court refused to reread its original instruction, plaintiff's attorney objected.

When additional instructions are given, as in this case, the proper method of objecting to the instructions is in the motion for a new trial. GCR 1963, 516.4. In the instant case the only additional instructions given by the court related to contributory negligence. Therefore, this Court need only consider plaintiff's objection to contributory negligence as set forth in the amended motion for new trial.

When determining the propriety of additional instructions, it should be noted that the giving of such instructions is within the discretion of the trial court. In the present case the additional instructions were given at the jury's request to supplement the previous charge of contributory negligence, which had been approved by plaintiff's attorney. A reading of all of the instructions on contributory negligence fails to indicate any error. When instructions, read as a whole, adequately inform the jury of the applicable law reflecting and reflected by the various evidentiary claims, there is no reversible error. *Johnston* v. *Narmore* (1965), 1 Mich App 160.

Plaintiff further contends that the trial court erred in overruling plaintiff's objection and allowing defendant's testimony concerning the physical and mechanical limitations of defendant's boom truck. The defendant testified that when the boom was extended to the height of the sign it was necessary that the truck be on the sidewalk, otherwise "we could never raise it to that point without tipping the truck over."

Plaintiff's objection was based on the contention that the defendant was not qualified to give expert testimony as to his boom truck's capabilities. It does not appear, however, that defendant was testifying as an expert. He merely testified to his experiences in utilizing a boom truck in his particular line of work. The defendant who was in the sign business for over 30 years and who had extensive experience with this type of vehicle could testify as to the limitations of this vehicle.

"The courts have a certain latitude in permitting witnesses on direct examination to testify as to conclusions based on common knowledge or experience." 20 Am Jur, Evidence, § 798, p 670.

The disputed claims of the parties presented questions of fact for the jury, and this Court will not substitute its judgment on questions of fact unless the evidence clearly preponderates in the opposite direction.

Judgment affirmed.   Costs to appellee.

McGREGOR, P. J., and T. G. KAVANAGH, J., concurred.