WITHERSPOON v. DONAHUE

1. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — EVI-
DENCE.

Jury verdict that the plaintiff in an automobile negligence case
was contributorily negligent was not contrary to the great
weight of the evidence where the evidence showed that the
plaintiff was driving in the far right-hand lane of an express-
way, the defendant entered or had just entered the express-
way, the two cars collided, and the plaintiff testified that she
saw defendant's car on the entry ramp, that it was going too
fast, and that she thought it would either slow up or stop
because she had the right of way, because the jury could have
found that the plaintiff did not exercise reasonable care to
avoid the accident by either reducing her speed when she saw
that the defendant was going to contest the right of way or
by turning her car into the empty two traffic lanes on her left.

2. TRIAL—INSTRUCTIONS TO JURY—ADDITIONAL INSTRUCTION—DIS-
CRETION.

The giving of additional jury instructions to the jury after the
jurors have begun their deliberations is within the discretion
of the trial court.

Appeal from Wayne, George E. Bowles, J.  Sub-
mitted Division 1 December 10, 1970, at Detroit.
(Docket No. 6632.)  Decided January 25, 1971.

Complaint by Julius Witherspoon, Annie Lois
King, and Johnny King against James Lee Donahue
for damages for injuries received in an automobile

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1005, 1013.
[2] 53 Am Jur, Trial § 536.

accident. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Wilfred C. Rice,* for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

Before: DANHOF, P. J., and HOLBROOK and VANDER WAL,* JJ.

PER CURIAM. On August 11, 1963, Annie King, hereinafter referred to as the plaintiff, was driving an automobile belonging to Julius Witherspoon in a westerly direction on the Ford Expressway. Her car was in the far right-hand lane. The defendant was entering or had just entered the same expressway from the Lodge Expressway. The two cars collided and the impact caused the car being driven by the plaintiff to veer off the roadway and into an overpass abutment.

The plaintiff testified that she saw the defendant's car on the ramp, that it was going too fast, and that she thought it would either slow up or stop because she had the right-of-way.

The defendant claimed that he had entered the Ford Expressway and was struck from behind by a car being driven negligently by the plaintiff. The jury found negligence on the part of the defendant and contributory negligence on the part of the plaintiff and returned a verdict of no cause of action. The trial court denied a motion for judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial.

On appeal the plaintiff argues that the jury verdict was contrary to the great weight of the evidence. We

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

do not agree. The jury could have found from the evidence that the plaintiff did not exercise reasonable care to avoid the accident by either reducing her speed when she saw that the defendant was going to contest the right-of-way, or by turning her car into the admittedly empty two traffic lanes on her left. See *Block* v. *Peterson* (1938), 284 Mich 88.

The plaintiff also alleges that the trial court's refusal of her supplemental charge to the jury was reversible error. At the conclusion of the original instructions to the jury, the attorneys for all parties expressed satisfaction with them. After some deliberation, the jury asked if, when considering contributory negligence, it was necessary to determine the degree of fault and also requested clarification of the law on merging traffic areas. The trial judge instructed the jury that comparative negligence or degrees of negligence were not recognized in this state, and then had the applicable portions of the original instructions re-read. The plaintiff requested a supplemental charge to the effect that contributory negligence in itself would not bar recovery unless it was a proximate cause of the accident.

Based on our review of the original instructions, we hold that plaintiff's requested supplemental charge was adequately covered in the original instructions and there was no error in denying plaintiff's request. The giving of additional instructions is within the sound discretion of the trial court, and when the instructions read as a whole adequately inform the jury of the applicable law reflecting and reflected by the various evidentiary claims, there is no reversible error. *Totok* v. *Elfstrom* (1966), 4 Mich App 705, *leave to appeal denied* (1966), 378 Mich 746.

Finally, the plaintiff claims reversible error because the trial court denied the plaintiff's motion for

a judgment notwithstanding the verdict or a new trial based on the trial court's failure to instruct the jury that the plaintiff had the right-of-way pursuant to MCLA § 257.649 (Stat Ann 1968 Rev § 9.2349(g)). Plaintiff quotes the statute as it reads currently. However, it has been amended twice since the time of the accident out of which this suit arose. At the time of the accident it read as follows:[1]

"When 2 vehicles enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right except as otherwise provided in section 651: Provided, however, Where signs bearing the message 'yield right-of-way' are erected upon the approach to an intersection, a driver approaching such sign shall slow to a reasonable speed for existing conditions of traffic and visibility, yielding the right-of-way to all traffic on the intersecting street which is so close as to constitute an immediate hazard. The driver of any vehicle traveling at an unlawful speed shall forfeit any right-of-way which he might otherwise have hereunder."

Before giving the jury instructions, the trial court asked counsel if they knew of any statute pertaining to the correlative rights and obligations of drivers in respect to merging into an expressway. Plaintiff's counsel stated that he did not know of any. The trial court then instructed the jury that there was no statutory law granting either driver in this case the right-of-way.

Plaintiff has failed to show this appellate court the certain applicability of § 649(a). The proviso is conditioned on there being signs bearing the message "yield right-of-way". The plaintiff has not advised this court of any evidence that there were such signs at the point where the defendant entered the express-

---

[1] PA 1959, No 234, § 649(a).

way.  See *Block* v. *Peterson* (1938), 284 Mich 88. The defendant testified at the trial, nearly five years after the accident, that he could not recall if there were any traffic signs in the area where the entry ramp merged into the Ford Expressway.

Under these circumstances, we do not find error in the trial court's denial of plaintiff's motion.

Affirmed, costs to the defendant.