LUCY *v.* DOWD.

1. AUTOMOBILES—PEDESTRIANS—GREAT WEIGHT OF EVIDENCE.

   In action for death of plaintiff's decedent, a pedestrian who was killed by defendant's car, verdict for plaintiff on second trial in which the testimony was substantially the same as at first trial on appeal from directed verdict and judgment for defendant in which it was found deceased was not guilty of contributory negligence as a matter of law *held*, not against great weight of evidence.

2. DEATH—PLEADING—ALLEGATION OF PECUNIARY LOSS.

   Since the pecuniary loss of prospective contributions toward support is an essential element in a cause of action under the death act, a declaration in such an action which fails to allege such loss is defective, allegations that deceased lived for a time and suffered pain and mental anguish being proper under survival act (3 Comp. Laws 1929, §§ 14040, 14061).

3. PLEADING—AMENDMENT—DISCRETION OF COURT.

   Failure of plaintiff's attorney to amend declaration on second trial so as to include an essential allegation under theory upon which case was tried when afforded opportunity to do so at end of trial would not prevent court, in its discretion, from later permitting amendment where defendant was in no way prejudiced, as plaintiff should not be penalized for her attorney's lack of diligence.

4. DEATH—AMENDMENT OF DECLARATION AFTER VERDICT.

In action for death of plaintiff's decedent where declaration alleged she was proceeding under both the death and survival acts, defendant who sat by and raised no objections to the sufficiency of the pleadings or to the admissibility of evidence until the close of the trial *held*, in no position to claim surprise or prejudice by amendment to declaration after verdict, adding allegation of pecuniary loss of prospective contributions so as to make out a case under the death act (3 Comp. Laws 1929, §§ 14040, 14061, 14148, 14149).

5. PLEADING—AMENDMENT IN SUPREME COURT.

Declaration which is still defective when case is presented on appeal in Supreme Court in that it includes in one count two separate causes of action, one under the death act and the other under the survival act, may be amended in Supreme Court to cure defect since it is merely technical and in no way prejudicial to defendant, and will be treated as amended (3 Comp. Laws 1929, §§ 14040, 14061, 14148, 14149).

6. SAME—DECLARATION ALLEGING TWO CAUSES OF ACTION IN ONE COUNT.

Declaration, alleging cause of action under death act and another under survival act in one count, *held*, sufficient to support a judgment and not so defective as to require a reversal (3 Comp. Laws 1929, §§ 14040, 14061).

7. TRIAL—IMPROPER REMARKS OF COUNSEL—MISTRIAL.

Admonition by trial judge to disregard remarks of plaintiff's attorney with respect to statement, made by defendant to prosecuting attorney after occurrence of fatal accident to plaintiff's decedent, which plaintiff's attorney offered in evidence at time of interrupting cross-examination of one of plaintiff's witnesses by defendant's counsel about statement such witness had made to prosecuting attorney *held*, to have rendered declaration of mistrial unnecessary.

8. SAME—IMPROPER CLOSING ARGUMENT OF PLAINTIFF'S COUNSEL—MISTRIAL.

Reference in closing argument of plaintiff's counsel to defendant's statement to prosecutor, made after fatal accident to plaintiff's decedent, which statement had not been introduced in evidence, *held*, not to constitute reversible error where trial judge admonished jury not to pay attention to such remarks

and defendant's counsel not only did not demand a mistrial but stated that because it was so near the end of the case he would not ask for one, thereby precluding claim of error therefor on appeal.

Appeal from Genesee; Elliott (Philip), J. Submitted June 14, 1938. (Docket No. 78, Calendar No. 40,124.) Decided October 3, 1938. Rehearing denied November 10, 1938.

Case by Cora Lucy, administratrix of the estate of James Lucy, deceased, against Joseph Dowd for damages for death of plaintiff's decedent, a pedestrian crossing a highway when struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Dennis H. Dwyer*, for plaintiff.

*Edward N. Barnard*, for defendant.

BUTZEL, J. On April 21, 1935, plaintiff's intestate was struck and killed by an automobile owned by defendant. Plaintiff, widow, and administratrix of the estate of the deceased, brought this action to recover for the damages arising out of the accident. In *Lucy* v. *Dowd*, 276 Mich. 289, we held that, in view of the evidence presented at the first trial, it was error for the lower court to direct a verdict for defendant on the ground that deceased was contributorily negligent as a matter of law. The facts are fully set forth in that opinion and need not be repeated here.

The testimony of the witnesses at the second trial is substantially the same as that at the first. The jury returned a verdict for plaintiff, and in view of our decision in *Lucy* v. *Dowd, supra,* it cannot be said that that verdict is against the great weight of the evidence.

Defendant on appeal contends that plaintiff's declaration was fatally defective at the time the verdict was returned; that it was error for the court to permit amendment after verdict; and that, even as amended, the declaration will not support a judgment in favor of plaintiff.

The declaration contains but one count which states that plaintiff is claiming recovery both under the death act, 3 Comp. Laws 1929, § 14061 (Stat. Ann. § 27.711), and under the survival act, 3 Comp. Laws 1929, § 14040 (Stat. Ann. § 27.684). There are detailed allegations of damages to decedent himself while he was still alive, such as injuries, pain, suffering, and mental anguish, which allegations would be proper to establish liability under the survival act. However, before the declaration was amended, there were no allegations of pecuniary damage to this plaintiff through prospective loss of support.

The case was tried upon a theory of liability under the death act. Plaintiff introduced evidence of her dependency and that of her children, and of contributions to them by decedent in his lifetime. This evidence would be admissible only if plaintiff was suing to recover under the death act, but defendant raised no objections to the evidence until the end of the trial. At that time, defendant moved to strike out all evidence admissible only under the death act, and also asked for a directed verdict because of the defects in plaintiff's declaration. Plaintiff was given an opportunity to amend, but did not do so at that time. Defendant's motion was denied. The charge to the jury was predicated solely on liability under the death act, a finding of survival being expressly precluded. After verdict for plaintiff, she was allowed to amend the one count of the declaration to include allegations of pecuniary damage under the death act.

The declaration was clearly defective in the first instance in failing to allege a pecuniary loss of prospective contributions. Such loss is an essential element in a cause of action under the death act. *Hurst v. Railway Co.,* 84 Mich. 539. However, plaintiff subsequently amended to include the necessary allegations. Defendant contends that such an amendment should not have been permitted. Plaintiff's failure to amend when first afforded the opportunity to do so would not prevent the court, in its discretion, from later permitting amendment. Defendant was in no way prejudiced and plaintiff should not be penalized for her attorney's lack of diligence.

In *Hurst v. Railway Co., supra,* it was held that a declaration originally framed on a theory of liability under the death act could not later be amended to provide for recovery under the survival act, because that would be adding a new cause of action. However, it does not follow that amendment should not have been permitted in the instant case. Plaintiff expressly alleged in the first instance that she was proceeding both under the death act and the survival act. Consequently, the amendment did not add a new cause of action, but merely served to amplify and correct a defective allegation of one of two causes of action already relied upon. The evidence presented at the first trial of this action, and the declaration as originally framed, reasonably informed defendant of the nature of the cause he was called upon to defend. Defendant sat by and raised no objections to the sufficiency of the pleadings or to the admissibility of evidence until the close of the trial. He is in no position to claim surprise or prejudice and it was clearly proper to permit amendment after verdict. 3 Comp. Laws 1929, §§ 14148, 14149 (Stat. Ann. §§ 27.842, 27.843).

However, even as amended, the declaration is still defective in that it includes in one count, two separate causes of action, one being under the death act and the other under the survival act. *Verlinde* v. *Railroad Co.,* 165 Mich. 371. But this defect may be cured by amendment in the Supreme Court. *Verlinde* v. *Railroad Co., supra; Hale* v. *Cooper,* 271 Mich. 348. And since the defect is merely technical and in no way prejudicial to defendant, this court on review will treat the pleading as amended. *Robinson* v. *Railway Co.,* 103 Mich. 607; *Atkinson* v. *Akin,* 197 Mich. 289; *Thrall* v. *Railway Co.,* 257 Mich. 269.

Plaintiff's declaration is sufficient to support a judgment and there is no defect in pleading such as would require a reversal.

While defendant's counsel was cross-examining one of plaintiff's witnesses in regard to a statement about the accident which the witness had made to the prosecutor, plaintiff's counsel interrupted and offered in evidence a similar statement which the defendant himself had made to the prosecutor. Defendant's counsel demanded that a mistrial be declared, but his motion was denied and the jury was admonished to disregard the remarks of plaintiff's attorney. Assuming that the remarks were improper, there was no cause for declaring a mistrial in view of the judge's prompt action at the time.

During his closing argument, plaintiff's counsel again referred to the statement taken by the prosecutor, although it had not been received in evidence. On this occasion, defendant's counsel did not demand a mistrial, but on the contrary, stated that because it was so near the end of the case, he would not ask for a mistrial. The judge again admonished the jury not to pay attention to the remarks of plaintiff's counsel. We need not discuss the question of

the propriety of the remarks. By indicating his willingness to continue without demanding a mistrial, and thus taking his chances on the jury's verdict, defendant precluded himself from claiming error on appeal. See *Herbert* v. *Durgis,* 276 Mich. 158.

Judgment is affirmed, with costs to plaintiff.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.