BROITMAN v. KOHN

1. Automobiles—Negligence—Injuries to Minor Child—Action by Parent—Defenses.

A parent's cause of action for injuries to his child is derivative in nature, and any defenses which would be available against the minor child who was driving an automobile involved in a collision are also available to defendant in an action by the child's parent to recover for his child's injuries.

2. Automobiles—Negligence—Imputation.

Negligence by the driver of an automobile is not imputed to the owner of the automobile in an action brought by the owner against a third party to recover for damage to the vehicle (CLS 1961, § 257.401).

3. Automobiles—Negligence—Trial—Instructions to Jury—Appeal and Error.

Failure of trial court to instruct the jury that the negligence of the driver of an automobile cannot be imputed to the owner in an action by the owner against a third party to recover for damage to the vehicle *held*, not reversible error in the absence of a request for an instruction (CLS 1961, § 257.401; GCR 1963, 516.2).

4. Appeal and Error—Trial—Instructions to Jury.

There is no ground on appeal for asserting error because of improper instructions to the jury if no timely objection to the instruction was made at trial (GCR 1963, 516.2).

---

References for Points in Headnotes

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 574, 670; 38 Am Jur, Negligence §§ 240, 241.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 674–676.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 1019; 53 Am Jur, Trial § 513.
[4] 5 Am Jur 2d, Appeal and Error § 891.
[5] 5 Am Jur 2d, Appeal and Error § 722.
[6] 39 Am Jur, New Trial § 13.

5. AUTOMOBILES—NEGLIGENCE—EVIDENCE—INSURANCE—APPEAL AND
     ERROR—ESTOPPEL.
       Evidence of the fact that one (or more) of the litigants in an
          automobile accident is insured should generally be excluded,
          but plaintiff is estopped from asserting its inclusion as error
          when he made reference to insurance in his opening statement
          by stating that plaintiff was seeking to recover from defend-
          ant his automobile insurance deductible amount.

6. NEW TRIAL—DISCRETION.
       The trial judge has wide discretion in either granting or re-
          fusing a new trial.

Appeal from Common Pleas Court of Detroit,
Benjamin C. Stanczyk, J. Submitted Division 1
February 12, 1969, at Detroit. (Docket No. 3,727.)
Decided March 24, 1969.

Declaration by Nathan Broitman against Marie
Kohn to recover for damages resulting from an
automobile collision. Verdict and judgment for de-
fendant. Plaintiff appeals. Affirmed.

Donald G. Schiff, for plaintiff.

Rouse, Selby, Dickinson, Shaw & Pike (Gerald S.
Surowiec, of counsel), for defendant.

BEFORE: FITZGERALD, P. J., and R. B. BURNS
and BRONSON, JJ.

BRONSON, J. Plaintiff, as the father of a minor
daughter who was driving his automobile with his
permission, brings this action to recover for her
injuries and for the deductible amount under his
insurance policy. The daughter was involved in an
open intersection accident with defendant. The
jury, after weighing the evidence and with due de-
liberation, returned a verdict of no cause of action

based upon contributory negligence. Plaintiff appeals.

Several errors allegedly made by the trial court are claimed:

1. The court erred in imputing the possible negligence of the daughter to the plaintiff.

2. For this reason, the jury should not have been charged on the elements of contributory negligence.

3. The court erred in its charge concerning proximate cause.

4. A part of a police report naming insurance companies somehow got into the jury room in violation of CLS 1961, § 500.3030 (Stat Ann 1957 Rev § 24.13030).

5. The verdict was against the great weight of the evidence.

## I.

Contributory negligence was a proper and necessary issue and was needed to decide the case. Plaintiff's claim for his daughter's injuries must be asserted in a derivative suit. He, as parent, acts in her behalf. It is in reality her cause of action and any defenses available against her would also be valid against him in his representative capacity. The jury's verdict of no cause of action also applies to plaintiff as her representative, and he cannot recover. This rule has been established in numerous decisions: *Arritt* v. *Fisher* (1938), 286 Mich 419, and in husband-and-wife cases such as *Kobmänn* v. *Ross* (1965), 374 Mich 678, and *Simerka* v. *Pridemore* (1968), 380 Mich 250.

With the removal of the daughter's injury issue from the case, the only direct claim he has remaining is for his automobile damage. He probably could have recovered under *Universal Underwriters*

*Insurance Co.* v. *Hoxie* (1965), 375 Mich 102. *Hoxie* holds that the Michigan owner's liability statute, CLS. 1961, § 257.401 (Stat Ann 1968 Rev § 9.2101), does not relate or impute a driver's negligence to an owner in an action against a third party.

Plaintiff, however, depending entirely upon the elimination of the contributory negligence issue, failed to request an instruction advising the jury of this claim. The court is not required to anticipate issues; instructions concerning such questions must be requested. *Copas* v. *Anglo-American Provision Co.* (1887), 73 Mich 541; *People* v. *Petrosky* (1938), 286 Mich 397; *Snyder* v. *New York Central Transport Co.* (1966), 4 Mich App 38; GCR 1963, 516.2.

In view of the foregoing legal argument plaintiff is unable to recover for his daughter's injuries nor will he be able to collect his automobile insurance deductible amount.

## II.

Previous argument establishes that the contributory negligence of the daughter was an important and necessary issue and the court committed no error in charging the jury regarding this defense.

## III.

The only objection was to the admissibility of contributory negligence as a defense. Proximate cause was not challenged. Therefore, no timely objection having been made to this particular charge, there is no ground to assert error on appeal. GCR 1963, 516.2; *Totok* v. *Elfstrom* (1966), 4 Mich App 705; *People* v. *Cassiday* (1966), 4 Mich App 215.

### IV.

Generally, the fact that one or more of the litigants is insured is inadmissible and should be excluded. CLS 1961, § 500.3030 (Stat Ann 1957 Rev § 24.13030). However, when reference is made to the existence of insurance in complainant's opening statement, he should be estopped from asserting error. In the present case counsel for plaintiff stated: "When we are through we are going to ask you for a judgment for $50.00 deductible." In this day and age, insurance and insurance terms are known by everyone. It is safe to assume the jury was aware of an automobile collision policy with deductible. Evidence in this case was not used for the obvious purpose of inflaming the passions of the jury in order to increase the size of the verdict.

Research fails to disclose any case dealing with the exact question of the presence of a part of a police report, naming insurance carriers, in a jury room. However, since insurance was already in the case through plaintiff's positive statement ("deductible"), the names of the companies would be harmless and not of such a prejudicial nature as to sustain a mistrial or reversal.

Finally, there was ample opportunity after discovery to present a formal objection and have the court deal with the question at trial level. Objections and exceptions are necessary if the issue is to be saved for appellate review. *Krause* v. *Faulkner* (1947), 318 Mich 422; *Burlage* v. *Radio Cab Co.* (1948), 321 Mich 319.

### V.

The jury verdict was supported by sufficient evidence to create a question of fact. There was,

according to the record, testimony tending to support the contentions of each of the parties.

"A jury question exists when competent testimony is conflicting and presents a question upon which reasonable minds might differ. *Tavener* v. *Elk Rapids Rural Agricultural School District* (1954), 341 Mich 244. This Court has held numerous times in the last few years that a determination of material facts is for a jury where testimony contains a conflict as to material facts. *Grover* v. *Simons* (1955), 342 Mich 480; *Davis* v. *New York Central R. Co.* (1957), 348 Mich 262; *Bishop* v. *New York Central R. Co.* (1957), 348 Mich 345." *Graham* v. *Thorman* (1958), 354 Mich 629, 635, 636.

The trial judge has a wide discretion in either granting or refusing a new trial. Clearly, under the facts and evidence presented in this case, there was no abuse of discretion and the jury verdict should be affirmed.

The judgment of the common pleas court of the city of Detroit is sustained.

Affirmed.

All concurred.