## PEOPLE v. SURLES

1. SEARCHES AND SEIZURES—WITHOUT WARRANT—PLAIN VIEW.

A police officer in a lawfully obtained position may seize objects falling in plain view (US Const, Am 4).

2. SEARCHES AND SEIZURES—WITHOUT WARRANT—INCIDENT TO ARREST.

A search without warrant, pursuant to a lawful arrest, of a suspected felon and of the area within his immediate control does not conflict with the Fourth Amendment prohibition against unreasonable searches and seizures, because police officers are not required to proceed at their own risk when a suspected felon has been arrested (US Const, Am 4).

3. SEARCHES AND SEIZURES—WITHOUT WARRANT—INCIDENT TO ARREST.

Search of the defendant's jacket and seizure of articles in it were constitutional where the defendant, who had been arrested in his home, had requested the arresting officers to get him his coat before leaving the house (US Const, Am 4).

4. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

Probable cause for an arrest without a warrant depends upon the facts known by the police officer at the time of the arrest; an appellate court reviews the arrest as if a man of reasonable prudence and caution would have determined whether the person arrested committed a felony.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Searches and Seizures § 12.
[2] 47 Am Jur, Searches and Seizures § 14.
  5 Am Jur 2d, Arrest § 73.
[3] 5 Am Jur 2d, Arrest § 13.
[4, 5] 5 Am Jur 2d, Arrest §§ 24, 32.
[6] 21 Am Jur 2d, Criminal Law §§ 317, 357, 367, 449, 486–491, 505.
[7] 5 Am Jur 2d, Appeal and Error § 800.
[8, 9] 29 Am Jur 2d, Evidence §§ 1, 249, 251–257, 267.
[10] 29 Am Jur 2d, Evidence §§ 787, 790, 792.

5. ARREST—WITHOUT WARRANT—PROBABLE CAUSE.

> Probable cause existed for arresting the defendant for murder where the arresting officer knew that the defendant fit the description of the suspect seen at the slaying; that the car seen leaving the murder scene was the same make and color as the one owned by defendant's mother; and that the bloodstained sweatshirt and steak knife found in the home of defendant's mother shortly before the defendant's arrest belonged to defendant.

6. CRIMINAL LAW—EVIDENCE—DEFENDANT'S INTRODUCTION.

> Introduction by the prosecution of statements made by the defendant at the police station before he was advised of his constitutional rights was not error where all the statements had been introduced by defense counsel before their introduction by the prosecution.

7. CRIMINAL LAW—EVIDENCE—DEFENDANT'S INTRODUCTION—APPEAL AND ERROR.

> A defendant cannot claim error based on repetition of testimony he himself first introduced.

8. EVIDENCE—ADMISSIBILITY—DISCRETION.

> The trial court is possessed with sound discretion in the determination of the admissibility of evidence.

9. EVIDENCE—ADMISSIBILITY—STANDARD.

> Evidence is, as a general rule, admissible if it is helpful in throwing light on any material point in issue.

10. EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY—STANDARD.

> Photographic evidence, even though relevant, is inadmissible if its possible prejudicial effect outweighs its probative value.

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 May 14, 1970, at Detroit. (Docket No. 7759.) Decided December 10, 1970. Leave to appeal denied July 13, 1971. 385 Mich 764.

Samuel Lewis Surles was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Patricia J. Pernick*, Assistant Prosecuting Attorney, for the people.

*James A. Hathaway*, for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHURCHILL,* JJ.

R. B. BURNS, P. J. On January 31, 1969, defendant was found guilty by a jury of murder in the first degree. CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). The defendant assigns the following errors for this Court's consideration on appeal.

## (1)

*Defendant claims several exhibits introduced at trial were seized in violation of his Fourth Amendment rights.*

The defendant's Fourth Amendment rights were not abridged. The police had a description of a vehicle which a suspect was seen entering at the scene of the slaying. They located a car fitting this description near the premises where the defendant was subsequently arrested. It was soon determined that the vehicle's owner, the defendant's mother, resided at the premises. The police in following up this lead were admitted into the premises for the purpose of questioning the owner of the vehicle.

Review of the record clearly reveals that valid consent was secured by the police prior to their entry. The first police officer to gain admittance testified that consent was obtained from the defend-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ant's wife. Although defendant's wife was examined as a witness for the defense, testimony rebutting the alleged consent was not elicited. Another police officer testified that the defendant's sister consented to his entry.

The defendant's contention that in spite of legal entry seizure of certain articles violated his rights is without merit. The record establishes that the seized bloodstained sweatshirt was in plain view of the officer. It is well established that an officer, in a lawfully obtained position, may seize objects falling in plain view. *Harris* v. *United States* (1968), 390 US 234 (88 S Ct 992, 19 L Ed 2d 1067); *Katz* v. *United States* (1967), 389 US 347 (88 S Ct 507, 19 L Ed 2d 576); *People* v. *Kuntze* (1963), 371 Mich 419.

The defendant, after being arrested, asked for his blue jacket as he was being taken out of the house. The officers checked the jacket and found a hunting knife and a pair of gloves which were seized along with the jacket. The law does not require a police officer to proceed at his own risk when a suspected felon has been arrested. The United States Supreme Court has stated that a warrantless search, pursuant to a lawful arrest, of a suspected felon and of the area within his "immediate control" does not conflict with the Fourth Amendment. *Chimel* v. *California* (1969), 395 US 752 (89 S Ct 2034, 23 L Ed 2d 685). The officers were certainly justified in searching the jacket for weapons.

The warrantless arrest of the defendant must have been based on probable cause that a felony had been committed by the defendant. *People* v. *Sansoni* (1968), 10 Mich App 558; CL 1948, § 764.15 (c) (Stat Ann 1954 Rev § 28.874[c]). Probable cause depends upon the facts known by the police officer at the time of arrest. The Supreme Court

set up a guideline for appellate review of probable cause in *People* v. *Harper* (1962), 365 Mich 494, 501, where it was said:

"He makes his determination, and we review it, not as a legal scholar determines the existence of consideration in support of a promise, but as a man of reasonable prudence and caution would determine whether the person arrested has committed a felony."

The arresting officer in this case knew the defendant fit the description of the suspect seen at the slaying; knew the car seen leaving the crime was the same make and color as the one owned by defendant's mother; and knew the bloodstained sweatshirt and steak knife found in defendant's mother's home shortly before arrest belonged to the defendant. Possessed with these facts the police officer had probable cause to arrest the defendant.

Defendant now objects to the seizure of his shoes, pants, and money. No specific objections to the seizure of these items were interposed at trial level. Appellate courts will not ordinarily consider objections raised for the first time on appeal. *People* v. *Camak* (1967), 5 Mich App 655; *People* v. *Teal* (1969), 20 Mich App 176.

## (2)

*Defendant contends the trial court erred in admitting into evidence his statements made at his home and at the police station because they were fruits of an illegal entry.*

This issue has been resolved in our consideration of defendant's first assigned error where entry was deemed legal by virtue of a valid consent.

## (3)

*Defendant claims the admission of his statements made at the police station was error because they were obtained before defendant was apprised of his constitutional rights.*

Counsel for the defense made no objection to introduction of these statements at trial level. Error cannot normally be assigned upon the admission of unobjected-to testimony. *People* v. *Lundberg* (1961), 364 Mich 596; *People* v. *Shipp* (1970), 21 Mich App 415. But see *People* v. *Wilson* (1969), 20 Mich App 410. All statements made at the police station were introduced at trial by defense counsel's cross-examination of a police officer. The only statements by defendant made in response to police questioning and introduced by the people were to the effect that defendant had used his mother's car around 7 or 7:30 p.m. and that he worked at Joseph Campau and Jefferson in Detroit. This same testimony was elicited upon cross-examination of a police officer by defense counsel before its introduction by the people in an attempt to establish an alibi defense. The defendant cannot claim error based on repetition of testimony he himself first introduced.

## (4)

*Defendant claims seizure of a wiping cloth from defendant's place of employment violated his Fourth Amendment rights.*

Two bloodstained wiping cloths were found at the scene of the slaying. For purposes of comparison the police went to the garage where defendant worked and obtained a similar looking wiping cloth hanging from a pipe in the garage. It is not necessary to delve into the question of whether the defendant has standing to object to the seizure. The

issue was not preserved for appeal since no specific objection was made as to seizure of this article. *People* v. *Camak, supra.*

Issues raised by assigned errors (5), (6), and (8) were likewise not properly preserved for appeal. Where no objection is made to testimony at trial level this Court presumes it was lawfully admitted (*People* v. *Jury* [1966], 3 Mich App 427) and this Court will not ordinarily consider objections raised for the first time on appeal. *People* v. *Shipp, supra; People* v. *Virgil Brown* (1969), 15 Mich App 600.

## (7)

*Defendant also claims the trial court erred in admitting photographs of the slain woman because they were gruesome and had the potential of inflaming the minds of the jurors against the defendant.*

The trial judge is possessed with sound discretion in the determination of admissibility. *People* v. *Gregory* (1969), 21 Mich App 76; *People* v. *Turner* (1969), 17 Mich App 123; *People* v. *Rogers* (1968), 14 Mich App 207. In Michigan the general rule of admissibility seems to be "that it is admissible if helpful in throwing light upon any material point in issue." *People* v. *Becker* (1942), 300 Mich 562, 565. This rule has been refined somewhat as stated in a thorough opinion by Judge J. H. GILLIS in *People* v. *Turner, supra,* (p 130) as one disallowing relevant photographic evidence "if its possible prejudicial effect outweighs its probative value."

The trial court did not abuse its discretion in permitting pictures of the slain woman to be introduced into evidence. The photographs were utilized not only to prove the charge in the information that the crime was committed with premeditation and deliberation which must be proved by the people beyond a reasonable doubt, but they were introduced

also to acquaint the jury with the circumstances surrounding the scene of the crime. Although such photographs may have tended to excite the jury, we cannot say that they should have been excluded as a matter of law.

Affirmed.

All concurred.