PRATT *v.* BERRY

1. TRIAL—INSTRUCTIONS TO JURY—USE OF EXAMPLES.
    The trial judge may use an example in his charge to the jury,
    unless the example serves to mislead the jury.

2. NEGLIGENCE—CHILDREN—CROSSING STREETS—STANDARD OF CARE.
    An ordinarily prudent seven-year-old child must look while cross-
    ing the street, even where he is crossing with the green light.

Appeal from Wayne, Neal Fitzgerald, J. Submit-
ted Division 1 November 10, 1971, at Detroit. (Dock-
et No. 10411.) Decided November 26, 1971.

Complaint by Betty Jean Pratt, for herself and as
next friend of Darrell Pratt against William Berry
for injury caused in an automobile-pedestrian acci-
dent. Judgment for defendant. Plaintiff appeals.
Affirmed.

*Charfoos, Charfoos & Gruber,* for plaintiff.

*Robert Goren,* for defendant.

Before: LESINSKI, C. J., and HOLBROOK and VAN
VALKENBURG,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 539 *et seq.*
[2] 57 Am Jur 2d, Negligence §§ 88, 89.
    Modern trends as to contributory negligence of children. 77 ALR2d
    917.

PER CURIAM. This action was commenced by reason of an accident that occurred between defendant driver and the seven-year-old plaintiff pedestrian. Plaintiff appeals from a jury verdict of no cause of action.

Plaintiff raises three issues for review, all dealing with jury instructions.

In determining whether error has been committed, we must consider the instructions as a whole to determine if they fully represent the law applicable to the case, *Lake Oakland Heights Park Association* v. *Township of Waterford* (1967), 6 Mich App 29; *St. Louis* v. *Fisher & Company, Inc.* (1965), 1 Mich App 55; *Huffman* v. *First Baptist Church of Flushing* (1959), 355 Mich 437.

The first issue raised is whether it was error for the trial judge to charge the jury in regard to automobiles entering intersections with the green light and having collisions with automobiles entering the intersections against the red light when in fact there was no issue as to lights in the case at trial. This instruction, when reviewed in context, reveals that the trial judge used the example merely to illustrate a point of law. The trial judge is given large discretion in regard to the style and general manner of the charge in a case. *Mawich* v. *Elsey* (1881), 47 Mich 10.

It is not error for a trial judge to use an example when he is instructing the jury, unless the example serves to mislead the jury. *Taylor* v. *Hannon-Colvin Post 180 of American Legion* (1967), 6 Mich App 398. When read in context, the objected-to instruction did not mislead the jury, but in fact helped to clarify the point of law the trial judge was conveying to the jury.

The second issue raised was whether it was error for the trial judge to charge the jury as to violation

of an ordinance where the ordinance was pleaded in the complaint but the attorney in his requested instructions sought the instruction based on the statute only. Again, the trial judge used this part of the instruction to illustrate a point of law, and the instruction taken as a whole is not so misleading or confusing that it could not be understood by the jury. *Taylor* v. *Hannon-Colvin Post 180 of American Legion, supra.*

It should also be noted that plaintiff has cited no authority in support of this proposition. This Court has held that "defendant may not leave it to this Court to 'search for authority' to sustain or reject its position." *Grove* v. *Story Oldsmobile, Inc.* (1971), 31 Mich App 613, 618; *People* v. *Rogers* (1968), 10 Mich App 380.

The third issue raised is whether it was error for the trial judge to charge that as a matter of law, an ordinarily prudent seven-year-old child must look while crossing a street with a green light.

On February 10, 1966, Darrell Pratt had been given some money by an adult in his home to go buy some candy and pop at a store in the neighborhood. It was approximately 8 p.m. on a drizzly, rainy evening, when Darrell Pratt and his young friend, Joseph Carter, went out on Concord Street in the City of Detroit. Darrell Pratt testified that he and his friend, Joseph Carter, were racing each other down the street. He stated that he had beaten Joseph Carter to the corner and that he stopped for the light at Concord and Lafayette. He indicated that he waited for the light to change and then walked out onto the street. On cross-examination, Darrell Pratt was questioned as to a prior deposition taken 1-1/2 years after the accident. In that deposition he stated that he ran across the street. Upon refreshing Darrell Pratt's recollection regard-

ing what he stated previously, the following appears in the record:

"*Q.* And was your statement true as you stated before that as you crossed the street you started to run, is that right? Is that the truth?
"*A.* Yes."

Mr. Berry stated that he was driving his automobile in a southerly direction on Concord and made a left turn onto Lafayette. He said he was planning on making a stop within 150 feet or so from the intersection and had just pulled out from a parking spot about 155 feet away from where the accident occurred. Mr. Berry stated that as he made his left turn, he saw a young boy who was running so fast that he could not stop, and that the boy ran off the curb into his car. He stated that the boy hit the wheel or bumper of his car.

Darrell Pratt testified that he knew the area well and had crossed this street many times. He further stated that he observed the car as it left its parking place. At the time of the accident, plaintiff was seven years and nine months old.

The trial judge instructed the jury in part as follows:

"The plaintiff is represented by a next friend because he, himself, is of the age of 7–1/2 years. So that puts in a new twist, and this is the new twist. A minor is not held to the same standard of care as an adult. When I use the words 'ordinary care' with respect to the minor, I mean that degree of care which a reasonably careful minor of the age, mental capacity, and experience of the minor in this case would use under the circumstances which you find existed. It is for you to decide what a reasonably careful minor of 7–1/2 would or would not do under the circumstances that existed in this case. The law

recognized that children act upon childish instincts and impulses."

The trial judge also instructed the jury as follows:

"The existence of an ordinance allowing a child to cross the street on a green light does not absolve Darrell Pratt from looking while crossing the street, and I charge you that that is what an ordinarily prudent seven-year-old person must do when crossing the street."

It is this last instruction to which the plaintiff complains. This issue is settled by *Ackerman* v. *Advance Petroleum Transport, Inc.* (1942), 304 Mich 96, in which an eight-year-old boy was killed by a truck because he failed to look before he crossed the street. The Supreme Court held the boy had the duty of making a proper observation before crossing. It was correct for the trial judge in the instant case to state that an ordinarily prudent seven-year-old child must look while crossing the street.

We find that the instructions, when considered as a whole, fairly and adequately stated the law applicable to the case.

Affirmed.