CASSIDY v McGOVERN

Docket No. 77-2507. Submitted May 4, 1978, at Grand Rapids.—Decided October 3, 1978.

Leo T. Cassidy was injured in a collision between his car and an automobile owned by Seaton Industries, Inc., and driven by Terrance McGovern. Leo and his wife, Ardith M. Cassidy, brought an action for damages under the automobile no-fault act. Prior to trial, defendants admitted liability, reserving for trial only the issues of damages and whether plaintiffs met the threshold requirement of serious impairment of body function or permanent serious disfigurement under the no-fault act. The jury returned a verdict of no cause of action. Judgment for defendants, Emmett Circuit Court, Martin B. Breighner, J. Plaintiffs appeal, raising several issues. *Held:*

The question of serious body impairment can either be a question of law or of fact under the no-fault act. If a trial judge denies a motion for a directed verdict and sends the issue to the jury under the mistaken belief that he cannot determine the issue as a matter of law, he has used an erroneous standard and the case should be remanded.

Remanded for further proceedings.

BASHARA, J., concurred, except he would hold that the question of whether plaintiffs met the threshold requirements of the no-fault act was properly submitted to the jury.

OPINION OF THE COURT

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 75 Am Jur 2d, Trial § 654.
[2, 3, 12] New Topic Service, No-Fault Insurance §§ 1 *et seq.*
[4] 75 Am Jur 2d, Trial § 714.
[5] 5 Am Jur 2d, Appeal and Error §§ 624, 625.
[7] 75 Am Jur 2d, Trial § 256.
[8] 8 Am Jur 2d, Automobiles and Highway Traffic § 975.
   29 Am Jur 2d, Evidence § 785 *et seq.*
[9] 29 Am Jur 2d, Evidence § 251.
[10] 5 Am Jur 2d, Appeal and Error § 622.
[11] 75 Am Jur 2d, Trial § 608.

1. Trial—Instructions to Jury—Requested Instructions—Party's Theory—Refusal to Give—Appeal and Error.

A trial court does not err in refusing to charge as to a particular party's theory of another case.

2. Automobiles—Insurance—No Fault—Torts—Serious Bodily Impairment—Jury Question—Legal Question.

The question of whether a particular impairment satisfies the threshold requirement of the no-fault act for a serious impairment of bodily function is not always a question for the fact finder; there are cases in which the trial court can rule, as a matter of law, that a plaintiff's injury is so minor that it fails to reach the threshold of a serious impairment; there are also cases in which, as a matter of law, the threshold of a serious impairment is reached by the very nature of the injury, and where reasonable minds could not differ on the question of whether the threshold is met and where the trial judge should not give the issue to the jury for determination.

3. Automobiles—Insurance—No Fault—Torts—Serious Body Impairment—Jury Question—Legal Question—Use of Erroneous Standard—Remand.

The question of serious body impairment under the no-fault act can either be a question of law or of fact; where a trial judge misinterpreted this rule and thought he was forced to send the issue to the jury and denied a motion for a directed verdict because he did not perceive the possibility of determining the issue as a matter of law, he used an erroneous standard and the cause should be remanded with instructions that he is not forced in all circumstances to send the issue of serious impairment to the jury and may grant a directed verdict if the nature of the injury complained of was such as to meet the threshold of a serious impairment as a matter of law.

Concurrence in Part, Dissent in Part by Bashara, J.

4. Trial—Instructions to Jury—Statutes—Appeal and Error.

*It is not necessarily error to refuse to mention the existence of a statute in charging a jury provided the judge states the law as embodied in the statute.*

5. Appeal and Error—Comments of Counsel—Failure to Object—Manifest Injustice.

*Failure to object to opposing counsel's allegedly improper argument to a jury precludes appellate review in the absence of manifest injustice.*

6. Trial—Instructions to Jury—Theory of Case—Ambiguous Theory—Inapplicable Theory.

A trial court does not err in refusing to charge as to a particular party's theory of another case, especially where the theory may be ambiguous or inapplicable.

7. Trial—Insurance—Instruction to Jury—Reference to Insurance—Statutes.

An instruction to a jury to disregard any consideration of insurance is not an abuse of trial court discretion because references to an insurer or the question of carrying insurance during trial is prohibited by both statute and common law; the instruction is also proper where the existence of insurance is totally irrelevant to the issues involved (MCL 500.3030; MSA 24.13030).

8. Evidence—Photographic Evidence—Automobiles—Trial—Admissibility—Prejudice.

Photographic evidence of vehicles subsequent to a collision can properly be excluded from trial where the evidence has little relevance, and there is a danger of undue prejudice.

9. Evidence—Determination of Relevancy—Admissibility—Judge's Discretion—Abuse of Discretion—Appeal and Error.

Relevancy and admissibility of evidence are matters within the discretion of a trial court and the Court of Appeals will not reverse unless there is a clear abuse of that discretion.

10. Appeal and Error—Judge's Trial Statements—Judge's Trial Decisions—Judge's Discretion—Abuse of Discretion—Manifest Injustice.

Failure to object or to move for a mistrial on the basis of a judge's trial statements, decisions, or the conduct of a trial, precludes reversal by the Court of Appeals except where there is a clear abuse of discretion on the part of the trial judge or manifest injustice can be shown.

11. Instructions to Jury—Judge's Discretion—Manner and Style.

A trial judge is allowed great discretion in the manner and style of his charges to a jury.

12. Automobiles—Insurance—No Fault—Torts—Serious Bodily Impairment—Jury Question—Legal Question.

The question of whether a particular impairment satisfied the threshold requirement of the no-fault act for a serious impairment of bodily function generally is submitted to the trier of fact to determine whether a particular injury is serious or

*permanent; where legal interpretation of these no-fault terms
approaches or breaches permissible limits, the interpretation
becomes a question of law for the court; however, where it
cannot be said with any confidence that interpretation of the
term "serious impairment of body function" approaches or
breaches the permissible limits, the question is properly sub-
mitted to the jury.*

*John D. Hayes,* for plaintiffs.

*Gillett & Carpenter,* for defendants.

Before: D. E. Holbrook, Jr., P.J., and Bashara
and R. M. Maher, JJ.

Per Curiam. The concurrence/dissent ade-
quately states the facts in this case and satisfacto-
rily disposes of most of the issues facing us. We
differ on two points, however. Plaintiffs in this
case argue that the trial court erred in refusing to
include in its instructions the holding of *Mc-
Kendrick v Petrucci,* 71 Mich App 200; 247 NW2d
349 (1976). As our brother does, we reject plain-
tiffs' argument basically because a "trial court
does not err in refusing to charge as to a particu-
lar party's theory of another case". But in discuss-
ing *McKendrick,* we must not de-emphasize the
language concerning "particular body function".
While the language is not part of the holding of
the case, it does have a significance which our
brother seems to deny.

The choice of the words "particular body func-
tion" was not inadvertent: the *McKendrick* Court
interpreted the statute as not requiring impair-
ment of the total body function, *e.g.,* through a
life-sustaining organ such as the heart or liver.
The Court chose the word "particular" to suggest
that impairment of one specific body function
comes within the ambit of the statute. The very

nature of the impairment at issue in *McKendrick,* tendonitis of the biceps tendon of plaintiff's right arm, implies that the Court was referring to a particular body function, not simply "body function". Although not the holding of the case, we believe it is one of its important implications and should not be obscured.

On a second issue we differ more fundamentally with our brother. Plaintiff argued that as a matter of law he satisfied the threshold requirement of the no-fault act for serious impairment of bodily function. He therefore moved for a directed verdict. In denying the motion, the trial judge stated:

"Mr. Hayes [plaintiffs' attorney], the *McKendrick* case defeats your argument. It is very clear in the *McKendrick* case that the Court has decided that the issue of serious impairment of body function is a fact question for the jury, and your motion is denied."

*McKendrick* does *not* conclude that every question of whether a particular impairment falls under the act must be submitted to the fact finder. In *Vitale v Danylak,* 74 Mich App 615; 254 NW2d 593 (1977), this Court, consistent with *McKendrick,* allowed a trial judge to rule by summary judgment that plaintiff's injuries (a stiff neck) did not, as a matter of law, meet the standard of serious impairment of body function. The *Vitale* Court stated that no specific "permissible limits" had been drawn but that the Court was of the opinion that "if any class of cases could approach such limitation, the case at bar must be included in that class".

Just as there is a class of cases, of which *Vitale* is representative, in which the trial court can rule as a matter of law that plaintiff's injury is so minor that it fails to reach the threshold, so there

is a class of cases in which, as a matter of law, the
threshold of serious impairment is reached by the
very nature of the injury, *i.e.*, reasonable minds
could not differ on the question of whether the
threshold is met. In such a case, the trial judge
should not give the issue to the jury for determina-
tion.

The trial judge in the instant case used an
erroneous standard. He thought, because of a mi-
sinterpretation of *McKendrick*, that he was forced
to send the issue to the jury. He did not perceive
that *McKendrick* does not foreclose the possibility
of the court determining as a matter of law that
the threshold was reached. In denying plaintiffs'
motion for a directed verdict, the judge here was
unaware of this alternative.

We therefore remand to the trial court with
instructions to the judge that *McKendrick* does not
force him in all circumstances to send the issue of
serious impairment to the jury. He should recog-
nize that he may grant a directed verdict for
plaintiffs, if the nature of Leo Cassidy's injury was
such as to meet the threshold of serious impair-
ment as a matter of law.

Bashara, J. *(concurring in part, dissenting in
part)*. Plaintiffs appeal from a jury verdict of no
cause for action. The suit arose from a claim,
under the no-fault act,[1] for damages sustained in
an automobile collision. Plaintiff Leo Cassidy sus-
tained complete breaks in both bones of his lower
right leg, as well as other contusions and abra-
sions. Just prior to trial, defendants admitted

---

[1] MCL 500.3135(1); MSA 24.13135(1) states:

"A person remains subject to tort liability for noneconomic loss
caused by his ownership, maintenance or use of a motor vehicle only
if the injured person has suffered death, serious impairment of body
function or permanent serious disfigurement."

fault, reserving for trial only the issues of threshold liability and damages. Plaintiffs raise several issues, which will be dealt with *seriatim.*

## I

Plaintiffs claim the jury was misled and misinformed about the threshold tort requirement of the no-fault act. They argue that defendants' argument and medical testimony showing that "serious impairment" requires permanency was erroneous. They also contend that the trial court's instructions to the jury were not couched in statutory language but instead employed the objectionable phrase "serious impairment of a body function and/or permanent serious disfigurement".

A review of the record reveals that when the jury returned for further instructions, the trial judge clarified any ambiguity as to whether serious impairment of body function requires permanency. He indicated that impairment need only be serious, whereas disfigurement must be permanent and serious.

In *Krisher v Duff,* 331 Mich 699, 711; 50 NW2d 332 (1951), the Supreme Court stated:

" * * * it is not necessarily error to refuse to mention the existence of the statute provided the judge states the law as embodied in the statute."

See also *Lepley v Bryant,* 336 Mich 224; 57 NW2d 507 (1953).

Plaintiffs failed to object to defense counsel's allegedly improper argument, thereby precluding appellate review in the absence of a manifest injustice. In view of the trial court's clarification of the issues for the jury, I find no manifest injustice.

Finally, I would also reject plaintiffs' argument that the trial court erred in refusing to include in its instructions the holding of *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976). The *McKendrick* Court concluded that the trial court erred in granting summary judgment on the grounds that plaintiff did not suffer serious impairment of body function by virtue of tendonitis in his right arm.

However, the "particular body function" language used in *McKendrick* does not appear to be the holding of the Court. The words were used only as an analogy relating to the existence of a material issue of fact relating to summary judgment. The Court clearly appeared to be distinguishing between impairment and *serious* impairment.

A trial court does not err in refusing to charge as to a particular party's theory of another case. This is so especially where the theory may be ambiguous or inapplicable. *Nowicki v Suddeth,* 7 Mich App 503; 152 NW2d 33 (1967).

While the trial court's initial instruction as to the threshold for serious impairment of body function may have been ambiguous, when the record is viewed as a whole, no reversible error was committed.

## II

Plaintiffs contend the trial judge erred in refusing to advise the jury that defendants had limited immunity because they acquired and maintained proper security for payment. Further, that it was an abuse of discretion to instruct the jury to disregard any consideration of insurance.

MCL 500.3030; MSA 24.13030[2] does not appear to have been repealed by the no-fault act. That act provides that no reference be made to an insurer or to the question of carrying insurance during trial.

Even if the statute were considered to have been impliedly repealed by the no-fault act, mention of insurance coverage could be precluded based on the common law, *Broitman v Kohn,* 16 Mich App 400; 168 NW2d 311 (1969). See also *Heuss v Rockwell Standard Corp,* 495 F2d 1207 (CA 6, 1974).

In the case at bar, the existence of defendants' liability insurance was totally irrelevant to the threshold damage issues. Consequently, the trial court's refusal to allow any reference thereto was not erroneous.

## III

I likewise find no error in the trial court's refusal to allow photographic evidence of the vehicles involved subsequent to the collision. The evidence had little relevance, since serious damage to an automobile does not always mean serious damage to its occupants. Considering the danger of undue prejudice, the evidence could properly be excluded, *People v Surles,* 29 Mich App 132; 185 NW2d 126 (1970), *lv den,* 385 Mich 764 (1971).

Relevancy and admissibility of evidence are matters within the trial court's discretion. This Court will not reverse unless there is a clear abuse of that discretion, *People v Amison,* 70 Mich App 70;

---

[2] "Sec. 3030. In the original action brought by the injured person, or his or her personal representative in case death results from the accident, as mentioned in section 3006, the insurer shall not be made or joined as a party defendant, nor shall any reference whatever be made to such insurer or to the question of carrying of such insurance during the course of trial."

245 NW2d 405 (1976), *Carreras v Honeggers & Co,
Inc,* 68 Mich App 716; 244 NW2d 10 (1976).

### IV

Plaintiffs argue that it was improper for the
trial court to admonish the jury to disregard plain-
tiffs' counsel's first closing argument as to the
legislative intent regarding the no-fault act; and
that the court further erred in interpreting some
of counsel's arguments as a request to punish
defendants. Plaintiffs failed to timely object or
move for a mistrial. *Secrist v Detroit,* 299 Mich
393; 300 NW 137 (1941), *Lucy v Dowd,* 285 Mich
530; 281 NW 314 (1938).

Therefore, I would reverse on this ground only
where there is such a clear abuse of discretion on
the part of the trial judge that manifest injustice
can be shown. *Secrist, supra,* and *Lucy, supra.*

A review of the record reveals that plaintiffs'
counsel attempted a rather extensive explanation
of the no-fault statute. An attempt was made by
counsel to interpret the words used in the statute
in their "common meaning" for the benefit of the
jurors. Not all of the argument was perhaps neces-
sary or relevant. The trial judge is allowed great
discretion in the manner and style of his charge to
the jury. *Pratt v Berry,* 37 Mich App 234; 194
NW2d 465 (1971). Viewing the record as a whole, I
cannot say that discretion was abused.

### V

Plaintiffs finally argue that the injuries sus-
tained by plaintiff Leo Cassidy qualify as a "seri-
ous impairment of body function" as a matter of
law, and therefore, the trial judge erroneously
denied a directed verdict as to the threshold re-
quirement of the no-fault act.

The trial judge denied the motion, on the basis of *McKendrick v Petrucci, supra.* I cannot find reversible error on the part of the trial judge. However, I must respectfully observe that *McKendrick* did not conclude that every question of whether a particular impairment falls under the act must be submitted to the fact finder.

In *Vitale v Danylak,* 74 Mich App 615, 619; 254 NW2d 593 (1977), this Court interpreted *McKendrick* and the *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973) as follows:

"We do not read the language of the Supreme Court as a complete prohibition of the use of summary judgment whenever a 'serious impairment' or 'permanent serious disfigurement' is alleged in the pleadings. While we recognize that generally the trier of fact must make the qualitative decision of whether a particular injury is serious or permanent, it does not follow that the trial judge is in all cases precluded from consideration of those questions."

It cannot be said with any confidence that, under the facts of the instant case, interpretation of the term, "serious impairment of body function" " * * * approaches or breaches permissible limits * * * ". The question of whether plaintiffs met the threshold requirements of the no-fault act was properly submitted to the jury.

## Conclusion

For the foregoing reasons, I believe that no reversible error was committed in the conduct of the trial. I also note that the recent Supreme Court opinion of *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978), does not appear to invalidate any of the holdings of this opinion.

I would affirm with costs to defendants.