## DEMBINSKI v MILLER

Docket No. 64516. Submitted May 11, 1983, at Detroit.—Decided December 6, 1983. Leave to appeal applied for.

Plaintiff, Jean F. Dembinski, was a passenger in an automobile driven by Mary I. Wissel when it was involved in a collision with an automobile driven by Cynthia A. Miller. Plaintiff brought an action for damages against both drivers. The case was submitted to mediation and the mediation panel recommended awards for plaintiff of $50,000 against defendant Miller and $5,000 against defendant Wissel. All parties rejected the mediation awards and the case was tried in Macomb Circuit Court. Judgment was entered on a jury verdict of no cause of action and the trial court, John G. Roskopp, J., denied plaintiff's motion for a new trial. Plaintiff appealed, alleging several errors. *Held:*

1. The trial court did not abuse its discretion in denying plaintiff's motion for a new trial based on a claim that the verdict was against the great weight of the evidence. The evidence is too close for the Court of Appeals to substitute its judgment for that of the jury.

2. Plaintiff's claim that the accident would not have happened without the negligence of one or both of the drivers is without merit. The fact of plaintiff's injury alone does not support a finding of negligence.

3. Plaintiff is estopped from claiming that a reference to insurance coverage denied her a fair trial because the subject was introduced in plaintiff's own testimony.

4. Plaintiff failed to preserve for review her claims regarding allegedly prejudicial remarks made by her brother, who was a

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence § 10.
[2, 4] 5 Am Jur 2d, Appeal and Error § 549.
   29 Am Jur 2d, Evidence § 406.
   58 Am Jur 2d, Negligence § 527.
[3] 5 Am Jur 2d, Appeal and Error §§ 549, 612.
   75 Am Jur 2d, Trial § 40.
[5] 5 Am Jur 2d, Arbitration and Award § 140.
[6] 5 Am Jur 2d, Arbitration and Award §§ 103, 139.

spectator in the courtroom, and the introduction of a photograph.

5. The mediation panel properly made separate damage awards against each of the defendants rather than a joint award against both defendants. A mediation panel is not required to observe strict legal rules pertaining to the apportionment of liability.

6. Plaintiff's claim that the defendants incurred no additional costs as a result of the rejection of the mediation award since the defense of the action was paid for by an insurer and a legal services organization is without merit.

Affirmed.

1. Negligence — Injury.

The fact of an injury alone will never support a recovery in negligence; there must be a concurrence of injury and wrong.

2. Negligence — Appeal — Insurance.

A plaintiff who, in his own testimony, introduced the subject of insurance coverage in a negligence action is thereby estopped from claiming that the reference to insurance resulted in the denial of a fair trial.

3. Appeal — Witnesses — Preserving Question.

Review of an appellant's claim that remarks made by a spectator resulted in the inability to secure a fair trial is precluded by the appellant's failure to bring a motion for a mistrial in the trial court.

4. Appeal — Evidence — Waiver of Issue.

A party who, on appeal, objects to the admission of evidence at trial on grounds different from those relied upon when objecting at trial to the admission of the evidence thereby waives his objection on appeal.

5. Negligence — Mediation — Liability.

A mediation panel is not held to the same standards for adjudging liability as a trier of fact in a trial, and may properly award separate amounts of damages to a plaintiff against each of several defendants rather than one award against all defendants.

6. Negligence — Mediation — Costs — Court Rules.

The court rule allowing assessment of costs where a mediation evaluation is rejected makes no distinction between parties who pay for their own legal counsel and those who are otherwise supplied with counsel (GCR 1963, 316.8).

*LeeRoy H. Temrowski,* for plaintiff.

Lakeshore Legal Services, Inc. (by *Wayne R. Barry),* for defendant Miller.

*Glime, Daoust, Wilds, Rusing & Widlak, P.C.* (by *Lawrence J. Schloss),* for defendant Wissel.

Before: HOOD, P.J., and V. J. BRENNAN and D. S. DEWITT,* JJ.

PER CURIAM. Plaintiff appeals as of right from the denial of her motion for a new trial following a jury verdict of no cause of action on her complaint alleging negligence.

Plaintiff was injured in an automobile accident. She was the passenger in a car driven by defendant Wissel. The car collided with a car driven by defendant Miller.

On appeal, plaintiff claims that the trial judge abused his discretion by denying her motion for a new trial based on a claim that the jury's verdict was against the great weight of the evidence. In this case, the issues of duty, proximate cause and damage were not seriously contested; the primary question for the trier of fact was that of breach of duty or negligence. The jury, by its verdict, implicitly found that each defendant exercised reasonable care in driving. We cannot say that the great weight of the evidence favored a finding of negligence as to either defendant. The evidence on the question of negligence, in this case, did not clearly preponderate in either direction. To decide in plaintiff's favor, we would have to substitute our judgment of what is reasonable for that of the jury. The evidence is far too close for us to take this step.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

We cannot agree with plaintiff's claim that the accident which caused her injuries would not have happened absent the negligence of one or both of the defendants. Injury alone will never support a recovery in negligence; there must be a concurrence of injury and wrong. *Macomber v Nichols,* 34 Mich 212, 215; 22 Am Rep 522 (1876). The injuries to plaintiff do not prove that there must have been negligence on the part of either defendant. See Prosser, Torts (4th ed), § 29, pp 140-142. The present case does serve as an illustration of one of the gaps filled by Michigan's scheme of nofault automobile insurance.

Plaintiff argues that a reference at trial to insurance coverage resulted in the denial of her right to a fair trial. This reference was made by plaintiff in response to a question by her attorney. Because plaintiff failed to bring this claim to the attention of the trial court, we refuse to review it. See *Broitman v Kohn,* 16 Mich App 400, 404; 168 NW2d 311 (1969). Moreover, plaintiff is estopped from making this claim because it was her own testimony which introduced the subject of insurance. *Broitman, supra,* p 404.

Plaintiff also claims that she was denied a fair trial because of certain remarks made by her brother, who was a spectator at the trial. A review of the record indicates that the remarks of plaintiff's brother were designed to harrass defendant Wissel; plaintiff herself joined in the harrassment at one point. If plaintiff felt that these actions prejudiced her case, she should have brought her inability to secure a fair trial to the attention of the court by way of a motion for mistrial. Because she failed to bring such a motion, review of her claim is precluded. See *Sampeer v Boschma,* 369 Mich 261, 265; 119 NW2d 607 (1963). We also find

that the actions of the trial judge in response to the behavior of plaintiff's brother were proper and were taken outside the presence of the jury.

Plaintiff objects to the admission into evidence of a photograph of defendant Wissel's automobile. She claims that the photograph failed to depict the car accurately. This is not the same objection which was made by plaintiff at trial; at trial, she objected to the lack of a foundation. Plaintiff's objection is, therefore, waived. *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 374; 189 NW2d 208 (1971). We also think that there was clearly no error and no abuse of discretion in admitting the photograph. See *Taylor v Michigan Power Co,* 45 Mich App 453, 457; 206 NW2d 815 (1973).

Plaintiff's final two claims of error concern the application of GCR 1963, 316, the rule concerning mediation. This case was submitted to a mediation panel which evaluated plaintiff's claim against defendant Miller at $50,000 and plaintiff's claim against defendant Wissel at $5,000. All parties rejected the mediation panel's evaluations. Both defendants were awarded their actual costs at trial pursuant to GCR 1963, 316.8 upon plaintiff's failure to win a verdict.

Plaintiff first claims that the decision of the mediation panel was improper because it awarded separate amounts against each defendant, rather than awarding a joint judgment of $55,000 against both defendants. In making this claim, plaintiff ignores the fundamental differences between the evaluation of a mediation panel and a judgment won in court. To require the mediation panel to observe strict legal rules, such as those pertaining to liability apportionment, would practically eliminate the purpose and purported advantages of mediation. The present case is a very good exam-

ple of the benefits afforded by vesting the mediation panel with sufficient flexibility to properly evaluate the nature, extent and certainty of the claim and the likelihood of recovery as to each party. Considering the proofs of plaintiff's damages presented at trial, the evaluation of plaintiff's claim indicates that the mediation panel believed that plaintiff probably would not recover her damages at a trial against defendant Wissel. Despite this indication of a low probability of recovery, plaintiff rejected the evaluation. The jury's verdict of no cause of action against defendant Wissel reflected the same belief that the proofs of negligence against her were slight. Having gambled against long odds and lost, plaintiff now seeks to change the rules.

We do not review the merits of plaintiff's claim because of her failure to present the claim to the trial court before trial. Had she done so, the claim should have been rejected. In this case, the mediation procedure clearly worked properly. A mediation panel is not held to the same standards for adjudging liability as is a trier of fact.

Finally, we find no merit in plaintiff's claim that defendants incurred no additional costs as a result of the rejection of the mediation evaluation. This claim is based on the allegation that the defense of this lawsuit was paid for by an insurance company (in the case of defendant Wissel) and a legal services organization (in the case of defendant Miller). The court rule makes no distinction between parties who pay for their own legal counsel and parties who are otherwise supplied with counsel. The term "actual costs" was used, we believe, merely in order to differentiate costs awarded under GCR 1963, 316 from "court costs".

Affirmed.