LANGELL v LaCROSSE

Docket No. 81533. Submitted December 10, 1985, at Detroit.—Decided January 16, 1986.

Plaintiff, Joanne Langell, brought an action against defendants, Bernadette R. and Paul W. LaCrosse, in the Macomb Circuit Court for damages for injuries sustained in an automobile accident. The case was placed on the mediation docket and a mediation evaluation was issued in the amount of "$20,000 based on insurance policy limits". Defendants accepted the evaluation, but plaintiff rejected it. The court, Robert J. Chrzanowski, J., granted plaintiff's motion to set aside the mediation evaluation and ordered the case to a second mediation with directions that the mediators not consider defendants' insurance policy limits or their ability to pay. The second mediation panel evaluated plaintiff's case at $123,500. Defendants appealed by leave granted. *Held:*

The mediation process is designed to give the mediation panel flexibility to properly evaluate the nature, extent and certainty of the claim and the likelihood of recovery as to each party. A mediation panel may consider the existence of insurance in making an evaluation. The first mediation evaluation was properly prepared and, upon its rejection by plaintiff, the case should have gone to trial.

The order setting aside the first evaluation reversed and case remanded for trial.

PRETRIAL PROCEDURE — MEDIATION — COURT RULES.

The mediation process is designed to give the mediation panel flexibility to properly evaluate the nature, extent and certainty of the claim and the likelihood of recovery as to each party; a mediation panel may consider the existence of insurance in making an evaluation (GCR 1963, 316.6[f][3]).

*Donald J. Morbach & Associates, P.C. (by Donald J. Morbach),* for plaintiff.

REFERENCES

Am Jur 2d, Pretrial Conference and Procedure §§ 1 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Pretrial Conference.

*Dickinson, Brandt, Hanlon, Becker ·& Lanctot* (by *James H. Schoolmaster),* and *Gromek, Bendure & Thomas,* of counsel, (by *Daniel J. Wright),* for defendants.

Before: DANHOF, C.J., and J. H. GILLIS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendants appeal by leave granted from the September 21, 1984, order of the Macomb County Circuit Court directing remediation of this case.

Plaintiff was injured in an automobile accident on September 2, 1983, and promptly filed this negligence action. In accordance with the trial court's pretrial statement, this case was placed on the mediation docket at the close of discovery. On August 20, 1984, the mediation evaluation was issued to the parties, valuing plaintiff's case at "$20,000 based on insurance policy limits". Defendants accepted the evaluation, but plaintiff rejected it. The trial court granted plaintiff's motion to set aside the mediation evaluation and ordered the case to a second mediation with directions that the mediators not consider defendants' insurance policy limits or their ability to pay. An order to that effect was entered September 21, 1984. The second mediation panel evaluated plaintiff's case at $123,500. This interlocutory appeal followed.

Defendants contend that the trial court erred by setting aside the original mediation evaluation because GCR 1963, 316.6(f)(3) expressly permits the mediation panel to consider information on applicable insurance policy limits. Further, the court rule does not authorize the trial court to review the mediation process, and any review by

* Circuit judge, sitting on the Court of Appeals by assignment.

the trial court would frustrate the purpose of mediation.

We agree with defendants that the first mediation panel properly considered the limits of defendants' insurance policy. The language of the applicable court rule, GCR 1963, 316.6(f)(3) states that a mediation panel may request "information on applicable insurance policy limits". The Michigan Supreme Court has authority to promulgate rules regulating courtroom practice and procedure. Const 1963, art VI, § 5. Principles of statutory construction apply to determine the Supreme Court's intent in promulgating the mediation rule. *Issa v Garlinghouse,* 133 Mich App 579, 581-582; 349 NW2d 527 (1984). The court rule concerning mediation will be construed in a manner consistent with its purpose. *Id.*

GCR 1963, 316 provides a mechanism by which parties may obtain an evaluation of their case before proceeding to trial. 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1984 Pocket Part, p 88. Acceptance of the mediation evaluation obviates the need for a trial in many cases. *Id.* The mediation process is designed to give the mediation panel flexibility "to properly evaluate the nature, extent and certainty of the claim and the likelihood of recovery as to each party". *Dembinski v Miller,* 130 Mich App 822, 827; 345 NW2d 626 (1983).

In light of the language and the purpose of the mediation court rule, we find that the Supreme Court intended to permit a mediation panel to consider a party's insurance policy limits and to evaluate a case on that basis. In this case, the mediation panel considered the materials submitted by plaintiff and defendants in addition to the information regarding defendants' insurance policy limits when evaluating this case. There is no

indication in the record that the panel acted improperly by completing its evaluation based upon that information.

Because we have determined that the evaluation of the first mediation panel was prepared properly, we are not required to determine whether the trial court had authority either to review the mediation evaluation or to order a second mediation. However, we note that GCR 1963, 316.7(b) directs the case to trial in normal fashion if any party rejects the mediation evaluation.

The September 21, 1984, order setting aside the mediation evaluation is reversed and the case is remanded for trial.

Reversed and remanded.